## AFFIDAVIT

I, TODD I. RICHARDS, being duly sworn, depose and say that:

1. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") since July of 1988, and am currently assigned to the Boston Division, Lowell Resident Agency. In the Lowell Resident Agency, I am assigned primarily to investigate violent street gangs in Lowell and Lawrence, Massachusetts. Prior to entering on duty with the FBI, I was employed for six years as a police officer in Nashua, New Hampshire. I was assigned as a patrol officer for the six years in Nashua. As a federal agent, I am authorized to investigate violations of laws of the United States.

2. This affidavit is being submitted in support of a criminal complaint charging Girard J. LAFORTUNE ("LAFORTUNE"), age 46, of 80 Allen Road in Billerica, Massachusetts, with receipt and transmission of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(1) and (a)(2).

3. The statements made in this affidavit are based upon my investigation in this matter to date, information provided by employees of the FBI, other law enforcement members, the authorized search of LAFORTUNE'S residence, my interview of LAFORTUNE, and on my experience and background as a Special Agent of the FBI. Because this affidavit is being submitted for the limited purpose of supporting a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set

forth facts that I believe are necessary to establish the requisite probable cause to support the criminal complaint.

Relevant Statutes

4.  Title 18 United States Code, Section 2252, makes it illegal for any person knowingly to transport, ship, receive, distribute, reproduce for distribution, sell, possess with intent to sell, or possess visual depictions in interstate commerce, if: (1) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct and (2) such visual depiction is of such conduct. Each subsection of Section 2252 specifically refers to computers as one means by which a visual depiction may travel in interstate commerce.

5.  Title 18, United States Code, Section 2256 provides the definitions for Section 2252. A "minor" is any person under the age of 18 years old. (18 U.S.C. § 2256(1))  "Sexually explicit conduct" includes actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal), bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. (18 U.S.C. § 2256(2)(A))  A "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image. (18 U.S.C. § 2256(5))

6.  For purposes of this affidavit, any individual below the age

2

of 18 will be referred to as a "child" or "minor" and any visual depiction of a child or minor engaging in "sexually explicit conduct" as that term is defined in Title 18, United States Code, Section 2256, will be referred to as "child pornography."

## Background Regarding the Internet

7. I have been formally trained regarding the investigation of crimes that involve computer evidence. I also own my own computer, have personal knowledge of the operation of a computer, and regularly access the Internet. Based on this training and knowledge, and the experience of other law enforcement personnel, I know the following.

8. The Internet is a worldwide computer network that connects computers and allows communications and the transfer of data and information across state and national boundaries.

9. A user accesses the Internet from a computer network or Internet Service Provider ("ISP") that connects to the Internet.

10. Photographs and other images can be used to create data that can be stored in a computer.

11. The computer's ability to store images in digital form makes it an ideal repository for child pornography.

12. With Internet access, a computer user can transport an image file from the Internet or from another user's computer to his own computer, so that the image file is stored in his computer. The process of transporting an image file to one's own

computer is called "downloading." The user can then display the image file on his computer screen, and can "save" or retain the image on his computer for an indefinite period. In addition to permanently storing the image on his computer, the user may print the image file. The finished product may appear as a magazine quality picture to be stored or distributed to other collectors.

13. A computer user can also send an image file that is retained in his computer to another individual or to areas of the Internet where it can be accessed by many other computer users. This process of sending an image file is called "uploading." The process of "uploading" is similar to the "downloading" process, except that the user is sending the computer image file to another user or to a destination on the Internet, rather than retrieving information from another computer.

### Yahoo! Groups

14. Based on information that is publicly available in the Yahoo! Help web pages and from information I have received from Special Agent Kari Morales Marsh, Phoenix Division, Tucson Resident Agency, I know the following information regarding Yahoo! Groups.

15. Yahoo! is a commercial computer service company that provides services to Internet users that include e-mail, e-groups, Internet search capability, games, personal ads, classified ads, chat, instant messaging and other services. Many

of the services offered by Yahoo! are free to the user.

16. Yahoo! Groups is a free service that allows users to bring together family, friends, or associates through a web site and E-mail group. Users with a common interest can create and manage their own Internet-based forum for that interest. The group forum can include photo albums in which group members can upload their own pictures from their computer to be displayed and made available for downloading by other members of the group. There are over two million groups on Yahoo!. The groups are organized by categories. Yahoo! Groups include pornographic groups, some of which are child pornographic.

17. The Yahoo! Groups service provides a feature where members have a reserved location on the world wide web where they can post photographs, and other files, such as video files.

### Facts of This Investigation

18. On May 21, 2003, FBI Special Agent ("SA") Kari Morales Marsh, of the Phoenix Division, Tucson Resident Agency, logged into Yahoo! using an undercover ("UC") identity. In that UC capacity, SA Marsh received a Yahoo! Instant Message from an individual with the Yahoo! ID "skip_adata." An instant message is real time, person to person text messaging over the Internet. During the course of the chatting that ensued, "skip_adata" sent SA Marsh numerous images and videos of child pornography. At the conclusion of the chat, "skip_adata" invited SA Marsh to join

his Yahoo! Group.

19. On May 21, 2003, SA Marsh received e-mail invitations (from "skip_adata") to join the Yahoo! Groups entitled "baldy_soft," "baldy," "baldy2," and "baldy3."

20. On May 30, 2003, SA Marsh received an e-mail (from the group moderator) informing her that the name/address of "baldy2" Yahoo! Group had changed to "mtmitchel." On May 31, 2003, SA Marsh received an E-mail invitation (from the group moderator) to join the Yahoo! Group "mtmitchelnosnow".

21. On August 8, 2003, SA Marsh received an e-mail invitation (from the group moderator) to join "Mtbaldy2."

22. SA Marsh responded to all of these e-mail invitations by signing up for these Yahoo! Groups and gaining access to Yahoo! Groups as a group member.

23. On May 21, 2003, and multiple days thereafter, SA Marsh accessed the Yahoo! Groups identified in paragraphs 19-21 above. Each of the groups contained multiple photo albums that contained images of child pornography that had been uploaded by group members. SA Marsh recorded the content of the photo albums and collected evidence of the uploading of child pornography by multiple group members.

24. SA Marsh identified multiple subjects, by Yahoo! ID, as having transmitted child pornography via the targeted Yahoo! Groups, including a group member using the Yahoo! ID

"davyjones20002000."

25. SA Marsh identified that a member of the Yahoo! Group "baldy3" with the Yahoo! ID "davyjones20002000" transmitted child pornography as follows in violation of 18 U.S.C. §2252(a)(1) by uploading images to a group photo album:

    A. Davyjones20002000 posted a file named "RIMG0060" in the Photos section of the Group "baldy3" in the photo album entitled "holly n rim." The file was posted on 05/21/2003 and depicts a prepubescent girl being penetrated by an adult male penis.

    B. Davyjones20002000 posted a file named "HLY 14" in the Photos section of the Group "baldy3" in the photo album entitled "holly n rim." The file was posted on 05/21/2003 and depicts a prepubescent girl on a bed with her knees raised to her chest exposing her genitalia.

    C. Davyjones20002000 posted a file named "r0401" in the Photos section of the Group "baldy3" in the photo album entitled "holly n rim." The file was posted on 05/21/2003 and depicts a prepubescent girl on a bed with her legs spread to expose her genitalia.

26. Davyjones20002000 also posted an e-mail message to the "baldy3" group on May 21, 2003. The message, entitled "as promised" stated, "added a few pics in folder .. Holly n rim, they my two favorites, will post more later, please post fills if

u have."

27.  SA Marsh identified LAFORTUNE as the individual associated with the Yahoo! ID davyjones20002000.

28.  The association and identification of LAFORTUNE was made in the following way:

>  A. An administrative subpoena to Yahoo! provided information that the individual registering Yahoo! ID davyjones20002000 used the email addresses davyjones20002000@yahoo.com and singledad32@hotmail.com and at the time of registration identified himself as a resident of Lowell, Massachusetts. (Identifying information contained in the Yahoo! Profile is entered by the user and is not verified by Yahoo!)  Yahoo! also provided information that davyjones20002000 had been logging onto Yahoo! from the IP address: 24.128.242.59.
>
>  B. SA Marsh conducted a public records search on the Internet for the entity that owned IP address 24.128.242.59. The records search indicated that the address was owned by Comcast.
>
>  C. An administrative subpoena was then issued to Comcast, which resulted in information that IP address 24.128.242.59 was assigned to Girard LaFortune, 80 Allen Road, Room 1, Billerica, MA 01821 and that he was a current subscriber to residential high speed Internet service as of August 12, 2003.

29. After receiving information from SA Marsh regarding her investigation, I conducted further investigation:

A. I ran a check for current motor vehicle license information from the Massachusetts Registry of Motor Vehicles. The Registry of Motor Vehicles lists LAFORTUNE as a current Massachusetts drivers license holder with the address of 80 Allen Road, Billerica, Massachusetts 01821.

B. I ran a check for LAFORTUNE in the records of the Commonwealth of Massachusetts Sex Offender Registry Board. The Board currently has LAFORTUNE registered as a sex offender at the address of 80 Allen Road, Billerica, Massachusetts 01821. LAFORTUNE'S criminal history record indicates a conviction for child rape under Massachusetts state law and 1992 federal convictions for advertising and receipt of child pornography, 18 U.S.C. §§ 2252(a)(2) and 2251(c)(1)(2).

C. Based on records maintained in the FBI Lowell Resident Agency, I learned that LAFORTUNE had been interviewed in connection with another child pornography investigation on June 25, 2002. The interview was conducted at his residence, 80 Allen Road, Billerica, Massachusetts. During that interview, an FBI agent asked LAFORTUNE whether he was familiar with online e-groups. LAFORTUNE told the agent that he had joined a few Yahoo! e-groups. The agent also

viewed a computer in LAFORTUNE'S home. In addition, LAFORTUNE stated that he had been using the e-mail address "daveyjones@hotmail.com."

D. A subpoena was served on Comcast that confirmed that as of October 23, 2003, LAFORTUNE continues to be a customer for high speed Internet service in his home at 80 Allen Road, Billerica, Massachusetts 01821.

31. Based in part on the above facts, a search warrant was issued on October 27, 2003, by the United States District Court for the District of Massachusetts authorizing the search of LAFORTUNE'S Billerica residence for evidence of child pornography offenses, including any computer system(s).

32. On October 29, 2003, I and fellow FBI agents, with the assistance of members of the Billerica and Lowell Police Departments, executed the search warrant at LAFORTUNE'S residence. LAFORTUNE was present throughout the search and consented to be interviewed by me and two other law enforcement personnel while other agents and officers seized his computer system and other items authorized to be seized by the warrant.

33. I informed LAFORTUNE of the reason for the search. He acknowledged being daveyjones200200, which he said is one of his e-mail addresses on yahoo.com. He also acknowledged using Comcast as his Internet provider. He admitted visiting hundreds of Internet pornography web sites and stated he had on occasions

downloaded child pornography and posted child pornography in Internet groups. We then showed him six visual depictions depicting minors engaged in sexually explicit activity, three of which are specifically described above in paragraph 25 A-C. Those three are the following: (1) a file named "RIMG0060" which depicts a prepubescent girl being penetrated by an adult male penis; (2) a file named "HLY 14" which depicts a prepubescent girl on a bed with her knees raised to her chest exposing her genitalia; (3) a file named "r0401" which depicts a prepubescent girl on a bed with her legs spread to expose her genitalia. LAFORTUNE acknowledged having viewed the six depictions on the Internet, having downloaded them to his computer, and thereafter having posting them to an Internet group. He initialed and dated five of the depictions shown to him, including the three described above.

34. During the search, ceiling panels in LAFORTUNE'S residence were removed and scores of floppy disks, zip disks, and CD's were retrieved. LAFORTUNE stated that the disks above the ceiling panels contained child pornography that he had hidden in that location, after bringing them from his prior residence.

35. Based on the foregoing, I believe probable cause exists to conclude that on May 21, 2003, and prior dates, Girard J. LAFORTUNE, did knowingly receive visual depictions of sexually explicit conduct that had been shipped and transported in

interstate or foreign commerce, the production of such visual depictions having involved the use of a minor engaging in such sexually explicit conduct; and did knowingly transport in interstate or foreign commerce visual depictions of sexually explicit conduct, the production of such visual depictions having involved the use of a minor engaging in such sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(2) and 18 U.S.C. §2252(a)(1).

_____
Todd I. Richards
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this 29th day of October 2003,

_____
JUDITH GAIL DEIN
United States Magistrate Judge