UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
                              )
      v.                      )   CRIMINAL NO. 03-10366-PBS
                              )
                              )
GIRARD LAFORTUNE              )
```

MOTION TO SEVER COUNTS AND
MEMORANDUM OF LAW IN SUPPORT

    The defendant Girard Lafortune, through undersigned counsel, respectfully moves this Court to sever counts 1 and 4 from counts 2 and 3 for trial in this case. The defendant submits that the four counts of the indictment are prejudicially joined and moves for relief pursuant to Rule 14 of the Federal Rules of Criminal Procedure.

    Count 1 charges Mr. Lafortune with the transportation of child pornography in interstate commerce, in violation of 18 U.S.C. §2252(a)(1) and (b)(1). The factual basis for the charge is an allegation that Lafortune "uploaded" pornographic images to an internet group on Yahoo on May 21, 2003. Count 4 charges him with publishing a notice or advertisement seeking or offering to receive, exchange, buy, produce, display or distribute visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct. The factual basis for this count is the allegation that Lafortune

1

sent an e-mail to a Yahoo group on May 21, 2003 which read, "as promised . . . added a few pics in folder . . holly n rim, they my two favorites [sic], will post more later, please post fills if u have."

Counts 2 and 3 of the indictment in this case charge Mr. Lafortune with receipt of child pornography, in violation of 18 U.S.C. §2252(a)(2), on unspecified dates between May 1 and October 29, 2003, and possession of child pornography on October 29, 2003, in violation of 18 U.S.C. §2252(a)(4)(B). The factual basis for the possession count is the evidence searching agents seized from Lafortune's home and computer during the execution of a search warrant on October 29. To date, the government has not specified the dates of alleged receipt or the pornographic images which underlie the receipt count.

The joinder of counts 1 and 4 with counts 2 and 3 for trial unfairly prejudices Mr. Lafortune, and these two sets of counts should be severed from one another.

> The justification for a liberal rule on joinder of offenses appears to be the economy of a single trial. The argument against joinder is that the defendant may be prejudiced for one or more of the following reasons:(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find. A less tangible, but perhaps equally persuasive, element of prejudice may reside in a latent feeling of hostility

engendered by the charging of several crimes as distinct from only one.

<u>Drew v. United States</u>, 331 F.2d 85 (D.C. Cir. 1964).

1. The Evidence Pertaining to Counts 2 and 3 Is Not Admissible to Prove Counts 1 and 4.

While the courts acknowledge that a joint trial of two or more offenses is often disadvantageous to a defendant and prejudices his ability to defend himself, a trial of joined offenses is not improper or unfairly prejudicial when the evidence pertaining to the separate charges would be admissible at a trial of the other charges:

> It is a principle of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime, from which the jury may infer that the defendant committed the crime charged. Since the likelihood that juries will make such an improper inference is high, courts presume prejudice and exclude evidence of other crimes unless that evidence can be admitted for some substantial, legitimate purpose. The same dangers appear to exist when two crimes are joined for trial, and the same principles of prophylaxis are applicable.
> . . . .
> If [however] under the rules relating to other crimes, the evidence of each of the crimes would be admissible in a separate trial for the other, the possibility of 'criminal propensity' prejudice would be in no way enlarged by the fact of joinder. . . . In such cases the prejudice that might result from a jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials.

<u>Drew</u>, <u>supra</u>. <u>See</u> <u>also</u> <u>United States v. Scivola</u>, 766 F.2d 37, 41 (1st Cir. 1985)(one form of prejudice from joined offenses is that proof that defendant is guilty of one offense may be used to

3

convict of a second offense, even though such proof would be inadmissible in a separate trial for the second offense).

In this case, the evidence pertaining to the different counts does not pass the test of mutual admissibility. Counts 1 and 4 involve a small set of electronic transmissions made at approximately the same time, May 21, 2003, to the same destination, the Yahoo group "baldy3." The relevant evidence to proof of these counts would be Lafortune's internet account information, data showing his communication with the Yahoo destination, and his ownership of, or access to, the images allegedly transmitted. Evidence of the vast quantities of child pornography and child erotica discovered during the search on October 29 would not be probative of whether Lafortune made the transmissions alleged on May 21. Indeed, the vast majority of the evidence discovered at Lafortune's home on October 29, 2003 would not be admissible to prove the May 21 charges. One piece of evidence discovered on October 29, a CD-ROM disc on which the government alleges that images identical to the ones transmitted on May 21 were found, would be pertinent to proof of counts 1 and 4. The rest of the materials, which are germane to the possession count, would not. Likewise, the government has not identified any materials Lafortune allegedly received between May 1, 2003 and October 29, 2003 which would be probative whether Lafortune did the alleged transactions on May 21.

By the same token, evidence of Lafortune's activities on May 21 would at best be only minimally probative of whether he received pornographic images in interstate commerce on various dates between May 1 and October 29, 2003.  The indictment makes no allegation that Lafortune received images from the Yahoo group identified in count 1,[1] and there may be no factual connection between Lafortune's activities in that group and the instances of receipt charged in count 2.  With respect to proof of count 3, the possession count, the May 21 evidence is superfluous, as the government need only prove that Lafortune had knowing possession of the proscribed materials on October 29, and that they had the requisite interstate or foreign nexus.  In deciding whether severance is warranted, this Court must balance the probative value of the evidence relating to the possession and receipt offenses to proof of the advertisement and transportation offenses on May 21 against the prejudicial spillover which necessarily arises from the presentation of this evidence at a single trial.  Because the prejudicial impact of the possession and receipt evidence far outweighs its probative value, the counts should be severed.

---

[1]   Count 4 relates to an e-mail sent to the same Yahoo group.

2.  **Lafortune Cannot Testify Regarding the Possession Count, But May Need to Testify Regarding the May 21 Counts.**

The First Circuit has recognized that a defendant may be unfairly prejudiced by the joinder of offenses at trial where he has a need to testify in defense against one count, and needs not to testify regarding another count. United States v. Jordan, 112 F.3d 14, 17 (1st Cir. 1997); Scivola, supra, 766 F.2d at 41. In this case Mr. Lafortune cannot afford to testify about count 3, the possession count. His truthful testimony on the subject of possession on October 29 would hasten a conviction. At the same time, however, he may want and need to assert his innocence with respect to the transportation and advertisement counts. Yet at a joint trial, Mr. Lafortune cannot take the stand to testify about May 21, 2003 without being subject to cross examination about October 29, 2003. Thus, joinder of these offenses confounds Lafortune's ability to defend himself against the charges.

3.  **The Quantity of Alleged Pornography Recovered On October 29, 2003 Unfairly Prejudices Lafortune's Defense Against the May 21 Counts. This Evidence Is Highly Inflammatory and Will Almost Certainly Be Misused By the Jury To Find That Lafortune Has A Propensity for Child Abuse.**

Evidence of Lafortune's possession of a large amount of pornography on October 29 is highly liable to be misused by the jury to infer his guilt on counts 1 and 4. See United States v. Gilbert, 92 F.Supp.2d 1 (D.Mass. 2000). The same is true of the evidence of receipt on multiple dates. "In weighing probative value against unfair prejudice, the court should keep in mind the

6

following factors: 'the government's need for the evidence; the strength of the evidence establishing the similarity of the two acts; the inflammatory nature of the evidence, and the degree to which it would promote an inference based solely on the defendant's criminal propensity,'" Gilbert, supra, 92 F.Supp.2d at 6, quoting United States v. Trenkler, 61 F.3d 45, 56 (1st Cir. 1995).  Here, the government cannot demonstrate a need for the evidence at issue to be admitted globally; indeed, as stated above, much of the receipt and possession evidence would not be admissible to prove counts 1 and 4.  Moreover, the inflammatory nature of the evidence here cannot be overstated.

    Wherefore, for the reasons set forth above, the defendant Girard Lafortune respectfully moves this Court to sever counts 1 and 4 from counts 2 and 3 for trial in the above-captioned indictment.

                                              GIRARD LAFORTUNE
                                              By his attorney,

                                              /s/ Syrie D. Fried

                                              Syrie D. Fried
                                                 B.B.O. # 555815
                                              Federal Defender Office
                                              408 Atlantic Avenue, 3rd Floor
                                              Boston, MA  02110
                                              Tel: 617-223-8061