IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )    CRIMINAL NUMBER
                v.              )    03-10366-PBS
                                )
GIRARD LAFORTUNE                )

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America submits the attached jury instructions pursuant to Rule 30 of the Federal Rules of Criminal Procedure. The government reserves its right to supplement or modify these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ George W. Vien
George W. Vien
Assistant U.S. Attorney

Sara L. Gottovi
Trial Attorney

## TABLE OF CONTENTS

Duties of the Jury ............................................. 1

Nature of Indictment -- Presumption of Innocence .............. 2

Preliminary Statement of Elements of Crime .................... 3

Evidence; Objections; Rulings; Bench Conferences .............. 6

Credibility of Witnesses ...................................... 9

Conduct of the Jury .......................................... 10

Note-taking .................................................. 12

Outline of the Trial ......................................... 14

Stipulations ................................................. 16

Impeachment of Defendant's Testimony by Prior Conviction ..... 17

Evidence of Defendant's Prior Similar Acts ................... 18

Weighing the Testimony of an Expert Witness .................. 19

Statements by Defendant ...................................... 20

Duty of the Jury to Find Facts and Follow Law ................ 21

Presumption of Innocence; Proof Beyond a Reasonable Doubt .... 22

Defendant's Constitutional Right Not to Testify. . . . . . . . 24

What Is Evidence; Inferences ................................. 25

Kinds of Evidence: Direct and Circumstantial ................. 26

Credibility of Witnesses ..................................... 27

Cautionary and Limiting Instructions as to
Particular Kinds of Evidence ................................. 28

What Is Not Evidence ......................................... 29

Introduction to Offense Instructions.......................... 31

Transportation of Child Pornography,
18 U.s.c. § 2252(a)(2) ....................................... 32

Attempt ..................................................... 33

Child Pornography: Receiving
18 U.S.C. § 2252(a)(2) ....................................... 35

Child Pornography: Possession
18 U.S.C. § 2252(a)(4)(B) .................................... 37

Child Pornography: Posting a Notice or Advertisement
18 U.S.C. § 2251(d) .......................................... 38

Definition of "Knowingly" ................................... 40

"Willful Blindness" as a Way of Satisfying "Knowingly" ...... 41

Definitions ................................................. 42

Lascivious Exhibition of the Genitals or Pubic Area ......... 44

Undefined Terms ............................................. 46

Single Image ................................................ 47

Financial Gain Not Required ................................. 48

On or about ................................................. 49

Foreperson's Role; Unanimity ................................ 50

Consideration of Evidence ................................... 51

Reaching Agreement .......................................... 52

Return of Verdict Form ...................................... 54

Communication with the Court ................................ 55

## <u>United States' Proposed Jury Instruction No.1</u>

### COURT'S INSTRUCTIONS TO THE JURY
### DUTIES OF THE JURY

Ladies and gentlemen:

You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.[1]

---

[1] Model Jury Instruction 1.01

1

<u>**United States' Proposed Jury Instruction No. 2**</u>

**NATURE OF INDICTMENT; PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by assistant United States Attorneys, George Vien and Sara Gottovi. The defendant, Girard LaFortune, is represented by his lawyers, Syrie Fried and Timothy Watkins.

The defendant has been charged by the government with violating a federal law. He is charged with knowingly transporting child pornography, knowingly receiving child pornography, knowing possession of child pornography and knowingly posting a notice or advertisement regarding child pornography. The charges against the defendant are contained in the indictment. The indictment is simply the description of the charges against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charge and denies committing these crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.[2]

---

[2] Model Jury Instruction 1.02

2

### United States' Proposed Jury Instruction No. 3

**PRELIMINARY STATEMENT OF ELEMENTS OF CRIME**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case.

First, for knowing transportation of child pornography, the government must prove:

(1) that the defendant knowingly sent a picture in interstate commerce by any means, including a computer;

(2) that the production of the picture involved the use of a minor engaging in sexually explicit conduct;

(3) that the picture was of a minor engaged in sexually explicit conduct and the defendant knew it.

For the lesser included offense of attempt to transport child pornography, the government must prove that the defendant intended to commit the crime of transporting child pornography and took a substantial step toward completing that crime.

Second, for knowing receipt of child pornography, the government must prove:

(1) that the Defendant knowingly received a picture;

(2) that the picture was transported in interstate or

3

foreign commerce by any means, including by computer;

(3) that the production of the picture involved the use of a minor engaging in sexually explicit conduct and the defendant knew it.

Third, for knowing possession of child pornography the government must prove:

(1) that the defendant knowingly possessed materials which the defendant knew contained a picture of a minor engaged in sexually explicit conduct;

(2) that the defendant knew the picture contained in the materials was of a minor engaged in sexually explicit conduct;

(3) that the visual depiction had been transported in interstate or foreign commerce by any means, including by computer.

Fourth, for posting a notice or advertising child pornography the government must prove:

(1) defendant knowingly made or published, or caused to be made or published a notice or advertisement;

(2) the notice or advertisement sought or offered to receive, exchange, display or distribute any picture, the production of which used a minor engaging in sexually explicit conduct; and

(3) such notice or advertisement was transported in

4

interstate or foreign commerce by any means, including by computer.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.[3]

---

[3] Model Jury Instruction 1.04

**United States' Proposed Jury Instruction No. 4**

**EVIDENCE; OBJECTIONS; RULINGS; BENCH CONFERENCES**


I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated--that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things

6

for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is

7

testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[4]

---

[4] Model Jury Instruction 1.05

## United States' Proposed Jury Instruction No. 5

### CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.[5]

---

[5] Model Jury Instruction 1.06

9

## <u>United States' Proposed Jury Instruction No. 6</u>

### CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case--you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other

10

side--even if it is simply to pass the time of day--an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[6]

---

[6] Model Jury Instruction 1.07

11

## <u>United States' Proposed Jury Instruction No. 7</u>

### NOTETAKING

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note- taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to

12

discuss it with you.[7]

_____

[7] Model Jury Instruction 1.08

**United States' Proposed Jury Instruction No. 8**

**OUTLINE OF THE TRIAL**

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorney may, if he/she chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charges against the defendant. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, the defendant's lawyer may present evidence in the defendant's behalf, but he/she is not required to do so. I remind you that the defendant is presumed

14

innocent, and the government must prove the guilt of the defendant beyond a reasonable doubt. The defendant does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and the defendant will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.[8]

---

[8] Model Jury Instruction 1.09

## United States' Proposed Jury Instruction No. 9

### STIPULATIONS

The evidence in this case includes fact to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.[9]

---

[9] Model Jury Instruction 2.01

16

## United States' Proposed Jury Instruction No. 10

**IMPEACHMENT OF DEFENDANT'S TESTIMONY BY PRIOR CONVICTION**

You have heard evidence that Girard LaFortune was convicted of a crime. You may consider that evidence in deciding, as you do with any witness, how much weight to give his testimony. The fact that the defendant was previously convicted of another crime does not mean that he committed the crime for which he is now on trial. You must not use that prior conviction as proof of the crime charged in this case.[10]

---

[10] Model Jury Instruction 2.04

17

## United States' Proposed Jury Instruction No. 11

### EVIDENCE OF DEFENDANT'S PRIOR SIMILAR ACTS


You have heard evidence that Girard LaFortune previously committed acts similar to those charged in this case. You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case. You may consider this evidence only for the limited purpose of deciding:

(1) Whether LaFortune had the state of mind or intent necessary to commit the crime charged in the indictment;

(2) Whether LaFortune had a motive or the opportunity to commit the acts charged in the indictment; or

(3) Whether LaFortune committed the acts he/she is on trial for by accident or mistake.

Remember, these are the only purposes for which you may consider evidence of LaFortune's prior similar acts. Even if you find that Girard LaFortune may have committed similar acts in the past, this is not to be considered as evidence of character to support an inference that LaFortune committed the acts charged in this case.[11]

---

[11] Model Jury Instruction 2.05

18

**United States' Proposed Jury Instruction No. 12**

**WEIGHING THE TESTIMONY OF AN EXPERT WITNESS**


You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.[12]

---

[12] Model Jury Instruction 2.06

19

## <u>United States' Proposed Jury Instruction No. 13</u>

**STATEMENTS BY DEFENDANT**

You have heard evidence that LaFortune made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether LaFortune made the statement and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made.[13]

---

[13] Model Jury Instruction 2.10

20

## <u>United States' Proposed Jury Instruction No. 14</u>

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return--that is a matter entirely for you to decide.[14]

---

[14] Model Jury Instruction 3.01

21

## United States' Proposed Jury Instruction No. 15

### PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Girard LaFortune, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that LaFortune is guilty of the crimes with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to LaFortune. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to

22

be drawn from that evidence. LaFortune has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him/her.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to LaFortune's guilt of a particular crime, it is your duty to acquit him/her of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of LaFortune's guilt of a particular crime, you should vote to convict him.[15]

---

[15] Model Jury Instruction 3.02

### United States' Proposed Jury Instruction No. 16

**DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY**


Girard LaFortune has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that LaFortune did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.[16]

---

[16] Model Jury Instruction 3.03

24

## <u>United States' Proposed Jury Instruction No. 17</u>

### WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact even though nothing more was said about it one way or the other.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.[17]

---

[17] Model Jury Instruction 3.04

## United States' Proposed Jury Instruction No. 18

### KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[18]

---

[18] Model Jury Instruction 3.05

## United States' Proposed Jury Instruction No. 19

**CREDIBILITY OF WITNESSES**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.[19]

---

[19] Model Jury Instruction 3.06

27

**United States' Proposed Jury Instruction No. 20**

**CAUTIONARY AND LIMITING INSTRUCTIONS AS TO
PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.[20]

---

[20] Model Jury Instruction 3.07

## <u>United States' Proposed Jury Instruction No. 21</u>

### WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the

29

jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that this defendant has had an indictment filed against him is no evidence whatsoever of his guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.[21]

---

[21] Model Jury Instruction 3.08

### United States' Proposed Instruction No. 22

**INTRODUCTION TO OFFENSE INSTRUCTIONS**


Counts one through four of the indictment charge the defendant with four different federal child pornography crimes. Count One charges that the defendant knowingly transported and attempted to transport child pornography in interstate or foreign commerce. Count two charges that the defendant knowingly received child pornography that had traveled in interstate commerce. Count three charges that the defendant possessed child pornography. Finally, count four charges that defendant knowingly made, printed or published a notice or advertisement seeking or offering to receive, exchange, display, or distribute, child pornography.[22]

I will now explain the law governing these offenses.

---

[22]Pattern Criminal Jury Instructions for the Eleventh Circuit Basic Instruction No. 8 (modified).

<u>**United States' Proposed Instruction No. 23**</u>

**Transportation of Child Pornography,
18 U.S.C. § 2252(a)(2)**

Title 18, United States Code, Section 2252(a)(1), makes it a Federal crime for any person to knowingly transport any visual depiction in interstate or foreign commerce.  For you to find the defendant guilty of the crime charged in Count One the indictment, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

> **FIRST**, that the defendant knowingly transported a visual depiction in interstate commerce by any means, including by computer;
>
> **SECOND**, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;
>
> **THIRD**, that such visual depiction was of a minor engaged in sexually explicit conduct;
>
> **FOURTH**, that the defendant knew that such visual depiction was of a minor engaged in sexually explicit conduct.

32

## <u>United States' Proposed Jury Instruction No. 24</u>

**ATTEMPT**


The defendant is also charged in Count One with the lesser included offense of attempt to transport child pornography in interstate commerce.  In order to carry its burden of proof for the crime of attempt to transport child pornography in interstate commerce as charged in Count One of the indictment, the government must prove the following two things beyond a reasonable doubt:

First, that defendant intended to commit the crime of transportation of child pornography in interstate commerce; and

Second, that defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward the commission of that crime and strongly corroborated his criminal intent.

A "substantial step" is an act in furtherance of the criminal scheme. A  "substantial step" must be something more than mere preparation, but less than the last act necessary before the substantive crime is completed.

The "substantial step" may itself prove the intent to commit the crime, but only if it unequivocally demonstrates such an

33

intent.[23]

---

[23] Model Jury Instruction 4.01

**United States' Proposed Instruction No. 25**

**Child Pornography: Receiving**
**18 USC § 2252(a)(2)**


Title 18, United States Code, Section 2252(a)(2), makes it a Federal crime for any person to knowingly receive any visual depiction that has been shipped or transported in interstate or foreign commerce, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

To find the defendant guilty of Count Two, the government must prove the following four essential elements beyond a reasonable doubt:

**FIRST,**   That the Defendant knowingly received a visual depiction that had been shipped or transported in interstate or foreign commerce, by any means including computer;

**SECOND,**   That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and

**THIRD,**   That such visual depiction is of a minor engaged in sexually explicit conduct; and

35

**FOURTH**,  That the defendant knew that such visual depiction was of a minor engaged in sexually explicit conduct.[24]

---

[24] Eleventh Circuit Pattern Jury Instructions (Criminal), Offense Instruction No. 65.2 (modified).

<u>**United States' Proposed Instruction No. 26**</u>

**Child Pornography: Possession**
**18 USC § 2252(a)(4)(B)**

Title 18, United States Code, Section 2252(a)(4)(B), makes it a Federal crime for any person to knowingly possess any material that contains a visual depiction that has been shipped or transported in interstate or foreign commerce, by any means including by computer, if the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction is of such conduct.

To find the defendant guilty of Count Three, the government must prove the following elements beyond a reasonable doubt:

**FIRST,**     That the defendant knowingly possessed materials that the defendant knew contained a visual depiction of a minor engaged in sexually explicit conduct;

**SECOND,**    The defendant knew the visual depiction contained in the materials showed a minor engaged in sexually explicit conduct;

**THIRD,**     The defendant knew that production of such visual depiction involved use of a minor in sexually explicit conduct; and

**FOURTH,**    That the visual depiction had been either transported in interstate or foreign commerce, by any means, including by computer.

37

<u>United States' Proposed Instruction No. 27</u>

**Child Pornography: Posting a Notice or Advertisement
18 USC § 2251(d)**

Title 18, United States Code, Section 2251(d), makes it a Federal crime for any person to knowingly make, print, or publish a notice or advertisement seeking or offering to receive, exchange, display, or distribute any visual depiction when the production of such depiction involves the use of a minor engaging in sexually explicit conduct when such advertisement has traveled in interstate or foreign commerce by any means, including by computer.

In order for the defendant to be found guilty of the crime charged in Count Four of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

**FIRST**,    Defendant knowingly made or published, or caused to be made or published a notice or advertisement;

**SECOND**,    The notice or advertisement sought or offered to receive, exchange, display or distribute any visual depiction, if the production of the visual depiction utilized a minor engaging in sexually explicit conduct and such visual depiction is of such conduct; and

**THIRD**,    Such notice or advertisement was transported in interstate or foreign commerce by any means, including by computer.

Source:    18 U.S.C. §§ 2251(d); Ninth Circuit Model Jury

Instruction No. 8.152 [Sexual Exploitation of Child --

Notice or Advertisement Seeking or Offering (18 U.S.C.

§2251(c))] [modified].

**United States' Proposed Jury Instruction No. 28**

**DEFINITION OF "KNOWINGLY"**


The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.[25]

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of minors engaged in that sexually explicit conduct.

The United States does not need to show that the Defendant need have specific knowledge as to the actual age of the person in the picture.  Rather, the Defendant must have knowledge or an awareness that the material contained a visual depiction of a minor engaging in sexually explicit conduct.  Such knowledge may be shown by direct or circumstantial evidence, or both.[26]

---

[25] Model Jury Instruction 2.13

[26] United States v. Fabiano, 169 F.3d 1299, 1303-04 (10th Cir. 1999.

## United States' Proposed Jury Instruction No. 29

### "WILLFUL BLINDNESS" AS A WAY OF SATISFYING "KNOWINGLY"

In deciding whether the defendant acted knowingly, you may infer that the defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that the defendant was aware of a high probability of the fact that a visual depiction was produced using a minor engaging in sexually explicit conduct. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant willfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be a deliberate effort to remain ignorant of the fact.[27]

---

[27] Model Jury Instruction 2.14

## United States' Proposed Jury Instruction No. 30

### DEFINITIONS

There are several terms that are used repeatedly throughout the Four-count Indictment.  Several terms have a special meaning, which is set forth here.

The term minor, as that term is used in Counts One through Four of the Indictment, is defined in Title 18, United States Code, Section 2256(1) as follows: "minor" means any person under the age of eighteen.

The term "interstate commerce," as that term is used in Counts Four and Five or the Indictment, includes commerce between any place in a state and any place outside of that state.  I instruct you that images transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if the material in question had been transmitted or received over the Internet.[28]

The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.[29]

The term "sexually explicit conduct," as that term is used in

---

[28]U.S. v. Carroll, 105 F.3d 740 (1st Cir. 1997) (transmission via Internet is tantamount to moving them across state lines).

[29]18 U.S.C. § 2256 (5).

Counts Four and Five of the Indictment, is defined in Title 18,

United States Code, Section 2256(2) as follows:

actual or simulated--

(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B) bestiality;

(C) masturbation;

(D) sadistic or masochistic abuse; or

(E) lascivious exhibition of the genitals or pubic area of any person.

**United States' Proposed Jury Instruction No. 31**

**LASCIVIOUS EXHIBITION OF THE GENITALS OR PUBIC AREA**


In order to determine whether a visual depiction is a lascivious exhibition of the genitals or pubic area, you must consider the overall content of the visual depiction, while taking into account the age of the child depicted.

The following list of factors, while not exhaustive, are among the things you should consider:

1) whether the focal point of the visual depiction is on the child's genitals or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

44

It is not necessary that the images be intended or
designed to elicit a sexual response in the average viewer, and
you may consider whether the visual depictions would appeal to
persons who are sexually attracted to children (i.e.,
"pedophiles").  Of course, a visual depiction need not involve
all of these factors to be a lascivious exhibition, and it is
for you to decide the weight or lack of weight to be given to
any of these factors.[30]

---

[30]<u>United States v. Amirault</u>, 173 F.3d 28 (1st Cir. 1999)

**<u>United States' Proposed Jury Instruction No. 32</u>**

**UNDEFINED TERMS**


    Many terms that you have heard in these instructions are not given any special meaning in the criminal code.  You should use your ordinary, common-sense understanding of those words in reaching your verdict.

**<u>United States' Proposed Jury Instruction No. 33</u>**

**SINGLE IMAGE**

Although you have heard evidence that the defendant had multiple images of child pornography, the United States is required to prove only that the defendant acted with respect to one single picture of child pornography for each count of the Indictment.  That could be the same picture for each count, or different pictures for each count, so long as you the jury agree unanimously that the government has proven one particular picture per count.  Therefore, as long as you find beyond a reasonable doubt that the defendant knowingly acted with respect to at least one image per count, and that the other elements of the offenses have been proven beyond a reasonable doubt, you must find the defendant guilty.

## <u>United States' Proposed Jury Instruction No. 34</u>

### FINANCIAL GAIN NOT REQUIRED

In order to prove a violation of these offenses, the government does not have to show that the defendant received any money.  In other words, the transportation, receipt, possession and notice or advertisement could be simply for a noncommercial, personal reason.[31]

---

[31]<u>United States v.  Caldwell</u>, 181 F.3d 104, 1999 WL 238655 at *9 (6th Cir. 1999) (citing <u>Osborne v. Ohio</u>, 495 U.S. 103, 143 n.17 (1990) (Brennan, J., dissenting) (explaining that, in 1984, Congress removed the 1977 requirement that distribution be "for sale"); <u>United States v. Deane</u>, 914 F.2d 11, 12-14 (1st Cir.1990) (applying § 2G2.2 to offender who mailed three magazines for noncommercial purposes); <u>United States v. Arvin</u>, 900 F.2d 1385, 1388 (9th Cir.1990) (upholding conviction under § 2252(a) despite absence of commercial motivation), <u>cert. denied</u>, 498 U.S. 1024 (1991)).

## United States' Proposed Jury Instruction No. 35

### ON OR ABOUT

You will note that the Indictment charges that the alleged offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## United States' Proposed Jury Instruction No. 36

### FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so. You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court. Your verdict must be unanimous.[32]

---

[32] Model Jury Instruction 6.01

**<u>United States' Proposed Jury Instruction No. 37</u>**

**CONSIDERATION OF EVIDENCE**


Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.[33]

---

[33] Model Jury Instruction 6.02

## United States' Proposed Jury Instruction No. 38

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but

of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.[34]

---

[34] Model Jury Instruction 6.03

<u>**United States' Proposed Jury Instruction No. 39**</u>

**RETURN OF VERDICT FORM**


I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.


[Read form.]


After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.[35]

---

[35] Model Jury Instruction 6.04

54

## United States' Proposed Jury Instruction No. 40

### COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.[36]

---

[36] Model Jury Instruction 6.05