UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 03-10366-PBS |
| ) | |
| v. ) | |
| ) | |
| GIRARD LAFORTUNE ) | |
| ) | |
| Defendant. ) | |

UNITED STATES' MOTION TO ADMIT EVIDENCE
PURSUANT TO FRE 404(b)

The United States of America, by and through its attorneys Michael J. Sullivan, United States Attorney, George Vien, Assistant United States Attorney, and Sara Gottovi, Trial Attorney, Child Exploitation and Obscenity Section, respectfully move to admit evidence pursuant to Federal Rule of Evidence 404(b).

Background

Defendant was charged in the First Superseding Indictment with four child pornography offenses: transporting (18 U.S.C. § 2252(a)(1)); receiving (18 U.S.C. 2252(a)(2)); possessing (18 U.S.C. § 2252(a)(4)(B); and posting a notice or advertising(18 U.S.C. § 2251(d)).  He is scheduled to plead guilty to receiving and possessing child pornography on October 27, 2005.  The remaining counts, transporting and posting a notice of or advertising child pornography, relate to LaFortune's conduct in an online e-group during the spring of 2003.  In that e-group,

1

LaFortune posted a photo album containing six images of pre-pubescent girls engaging in sexually explicit conduct and he posted a message to the group, which, in sum, directed members to look at his photo album and asked them to post their child pornographic materials.

The existence of this underground world of child pornography is a concept that is completely foreign to the average citizen and therefore also unknown to the average juror. The Government has concluded that a full explication of Defendant's motive, intent, and knowledge will be necessary for the jury to effectively weigh the evidence.

The Government's theory on motive, intent, and knowledge is that Defendant's criminal actions in the online group were driven by his need to collect child pornography. Online, he had to post child pornography to receive child pornography, and he had to reach out to other collectors to obtain new images. At the time of his offenses he was an avid collector with an enormous collection of child pornography images. He knew the details and nuances of the pictures in his collection. He knew the series of child pornography images by name and understood the approximate age of the victims depicted. He had a long history of collecting child pornography. LaFortune's interest in improving and expanding his collection was driven by his underlying sexual interest in children. The collection was his sexual outlet.

<u>Argument</u>

The Government wishes to admit several pieces of evidence, detailed below, admissible under Federal Rule of Evidence 404(b) that pertain to uncharged contemporaneous conduct or past conduct of the defendant. Each piece of evidence is described below, with an individual analysis of admissibility pursuant to Federal Rules of Evidence 404(b) and 403.

A.   Admission of the statement that "a large quantity of child pornography was found during the search of LaFortune's home and on his computer."

The United States respectfully moves the court to allow testimony by Special Agent David George that a large quantity of child pornography was found in LaFortune's home at the time of its search. A search warrant was executed on LaFortune's home on October 29, 2003. At that time Agents discovered a large cache of computer media hidden in the drop ceiling of LaFortune's small apartment. Over 100 CDs and disks were found in the ceiling, and an anlysis of that material showed that approximately 10000 images of child erotica and child pornography were stored on those disks. In addition a laptop computer with a broad band internet connection was seized from LaFortune's home. The computer also contained over one thousand of images of child pornography.

Based on this factual predicate, the United States moves for admission of a statement by Special Agent David George, who personally reviewed the child pornography collection in the ceiling and on the computer, that "a large quantity of child

3

pornography was found during the search of LaFortune's home and on his computer."

This evidence is not offered to show mere propensity of LaFortune to commit the crime. Rule 404(b) allows the admission of other bad acts as evidence to support legitimate evidentiary purposes other than propensity. United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996). In this instance, evidence that LaFortune had a large collection of child pornography has special relevance to the charges at issue. The fact that LaFortune had a large collection and was a collector of child pornography is a basic premise underlying the motive behind his presence in a Yahoo! Group dedicated to sharing child pornography and is essential to understanding the context of the advertising charge in this case. If LaFortune were not a collector of child pornography and interested in receiving more child pornography materials, it would not make sense for him to post an advertisement sharing his "favorites" with others and inviting them to post their materials.

The admission of a statement that "a large quantity of child pornography was found during the search of LaFortune's home and on his computer" also meets the requirements of Rule 403. Without this evidence the jury will not understand the context and motive of LaFortune's behavior in the online group. In addition, without admission of this information, defendant has the opportunity to paint an inaccurate picture of his conduct and present himself to the jury as someone who simply made a mistake or who was experimenting. The simple statement that "a large

4

quantity of child pornography was found during the search of LaFortune's home and on his computer" minimizes prejudicial effect, as it does not go into details about the content of the images or the numbers of disks or images that were found.  This generic information does not elicit the type of emotional response that Rule 403(b) is designed to protect against.  See United States v. Felton, 417 F.3d 97 (1st Cir. 2005) (white supremicist views admitted under FRE 403 to show motive to participate in bombing plot).

  B. All Content of "Rim Holly" CD

    The United States respectfully moves the court to allow into evidence testimony regarding and exhibits of all of the child pornography images contained on the compact disk labeled "Rim Holly" found hidden in defendant's drop ceiling.

    The United States first argument with respect to the entire contents of this disk is that it is not "other bad acts" evidence at all - rather it is evidence intrinsic to the crime.  This CD contains the six images that were posted on the "Holly n' Rim" photo album in the Yahoo! Group Baldy3. The computer file names on the photo album and on the CD match.  The disk contains approximately 100 other pictures that were not posted to the photo album, but that depict the same children.  Because this CD is the proof that LaFortune possessed and was able to post the specific images to the Yahoo! Group, it and its content is intrinsic to the crime and should be admitted without requirement of a 404(b)/403 analysis.

5

In the event that the Court finds that some portion of this disk aside from the six posted images this is subject to 404(b) and 403 analysis, this disk has special relevance and is of high probative value in the Government's case. This disk shows the knowledge and organization involved in LaFotune's collecting behavior. He had the CD categorized by name and series. The file names on the computer images are consistent with his descriptions of the series names from the Yahoo! Group and from the handwritten notation on the cover of the CD. Images on the disk are exclusively of the three prepubescent girls whose images LaFortune posted to the Yahoo! Group. Thus, the probative value of this disk and its full content are extremely high. The probative value outweighs any prejudice that might flow from the admission of the full contents of the disk.

Should the Court find that the prejudicial value outweighs the probative value of admitting the full contents of this disk, the United States respectfully requests that, in addition to the six posted pictures and the CD itself, the court allow it to admit all of the other pictures on the CD that show the children in clothed poses as well as testimony as to the number of child pornography photos saved on the CD.

C.  Chat transcripts found on the computer hard drive discussing collecting child pornography and sexual abuse of children

The United States respectfully moves the court to allow into evidence testimony regarding and exhibits of chat transcripts found on LaFortune's computer hard drive showing his communications with others regarding the collection of child

pornography and his contemporaneous desire to have sexual encounters with children.

Several transcripts were located on LaFortune's hard drive that have captured conversations in which LaFortune was trading child pornography with others, and engaging in other conversation regarding his interest in the sexual abuse of children.  In these conversations he shows his detailed knowledge of the content of particular videos and opines upon the ages of the children in those videos.  These transcripts also reflect his use of the name davyjones20002000 and his use of Yahoo! Groups.  For example, one chat transcript reads:

```
singledadrus (LaFortune): what u up 2?
Elwapodan: hello
Elwapodan: talking to the yngstars group guy
LaFortune: yahoo?
Elwapodan: yea
LaFortune: see my messages in there?
LaFortune: davyjones20002000\
Elwapodan: no im not in the group yet
LaFortune: well anyway,
LaFortune: got anything good to trade?
Elwapodan: sure but are you gonna turn off the vide half way thou again
LaFortune: I got most of the vids u got I tnink
LaFortune: get anything new?
Elwapodan: I don't have that straddle vid does the girl ride her dad
Elwapodan: kinda
LaFortune: yup
LaFortune: I got lots of that cutie
LaFortune: she,s the best young I got
Elwapodan: who is she and how old?
LaFortune: she around 6 ot 7
LaFortune: babyj
Elwapodan: oh yea I saw one of her awhile ago
LaFortune: ya she,s great
Elwapodan: yea
LaFortune: I got oneofa lil chinese girl
LaFortune: sucks her dad till he cums
LaFortune: iys great
LaFortune: she maybe 4 or 5
Elwapodan: nice I love asian girls
```

```
LaFortune: it's called meikoo
LaFortune: suck cum
Elwapodan:
LaFortune: so what new ones u get?
Elwapodan: well a little while ago I got some ok boy stuff
LaFortune: I got lots of boy stuff
LaFortune: some good vids from the newsdroups
Elwapodan: yahoo groups?
LaFortune: no
LaFortune: news server
Elwapodan: oh hows that work
LaFortune: yougot to join
LaFortune: i,m in uncensored-news.com
LaFortune: they post great stuff
```

. . .

This transcript and others are attached for the court's consideration.

This evidence is highly probative of several essential elements of the Government's case. The particular chat transcript excerpted above shows that LaFortune is davyjones20002000, that he is familiar with Yahoo! Groups, that he posted a message in a Yahoo! Group and that he is an avid collector of child pornography, instructing another computer use on how to get the "good" materials. In addition it shows detailed knowledge of the content of child pornography materials and the age of child in the video.

The probative value of the chat transcripts outweighs their potential for unfair prejudice. In the particular case of the chat transcript reproduced here, it is relatively short and does not contain any disturbing visual depictions.

D.   Fact that LaFortune Ran his Own Photo Island Site

The United States respectfully moves the court to allow into evidence testimony regarding the fact that LaFortune ran his own Photo Island child pornography site.    Evidence from chat logs

8

on LaFortune's computer establish that he operated a photo site on Photo Island, which contained child pornography pictures. During conversations with others interested in trading child pornography he would provide the internet URL to the site along with a password so the other party could gain access to his collection.

This evidence is highly probative of several essential elements of the Government's case. It demonstrates LaFortune's knowledge of the operation of internet child pornography trading grounds and shows his familiarity with the concept of posting pictures on the web for like-minded individuals to view.

The probative value of the fact he ran his own Photo Island site outweighs the potential for prejudice. No disturbing images or descriptions will be provided to the jury in connection with this information.

E.   Prior Federal Child Pornography Convictions

The United States respectfully moves this Court for admission of the fact of LaFortune's prior 1993 convictions for violations of 18 U.S.C. § 2251(c) (recodified in 2003 as 18 U.S.C. § 2251(d), the notice or advertising crime with which LaFortune is charged) and 18 U.S.C. § 2252(a)(2) (receiving child pornography).

The similarity of these convictions to the present charges makes them especially probative of motive, intent, and knowledge in the present case. These convictions also show LaFortune's longstanding pattern of behavior as a child pornography collector, which bears directly on his motive for the present

9

crime. They are also probative of his knowledge that trading in child pornography is a criminal offense.

The probative value of admitting these convictions is not outweighed by the potential for unfair prejudice. A brief statement that he was convicted in the past for similar crimes will not overly inflame the jury to convict on an irrational basis, particularly when the Court gives its limiting instruction that this information should be considered only for purposed of motive, knowledge, and intent. Courts routinely hold that this is a proper purpose for admitting a prior conviction. United States v. Koski, 424 F.3d 812 (8th Cir. 2005) (prior conviction for sending threatening communications admissible in subsequent case of sending threatening communications); United States v. Taylor, 417 F.3d 1176 (11th Cir. 2005) (prior conviction on felon in possession charges relevant to show knowledge in subsequent prosecution for felon in possession charges); United States v. Vo, 413 F.3d 1010, 1018 (9th Cir. 2005) (prior conviction for drug distribution admissible to show knowledge and intent and rebut defense); United States v. Walker, 404 F.3d 754, 758 (5th Cir. 2005) (plea of not guilty put intent at issue, prior conviction for drug charges probative); United States v. Puckett, 405 F.3d 589, 595 (7th Cir. 2005) (prior conviction on drug charges admissible for showing knowledge of drug trade in subsequent case); United States v. Lopez, 340 F.3d 169, 172 (3d Cir. 2003) (prior drug conspiracy conviction admissible to rebut defense of lack of knowledge regarding heroin); United States v. Agudelo, 988 F.2d 285, 287 (1st Cir. 1993) (prior seizure of

10

large quantity of cash by DEA agent admissible to show knowledge of drugs in bag); United States. v. Sturmoski, 971 F.2d 452, 459 (10th Cir. 1992) ("the use of prior drug involvement to show plan, motive, or intent in a drug trafficking offense is appropriate").

If not admitted in its case in chief, the United States respectfully moves that this information be allowed on cross-examination should the defendant take the stand pursuant to FRE 609.

F.   Prior Massachusetts convictions for sexual assault of his children

The United States respectfully moves this Court for admission of the fact of LaFortune's prior 1986 convictions for the assault with intent to rape his daughter and for the sexual assault of his son.

These convictions are the best evidence of LaFortune's sexual interest in actual children.  This sexual interest in children is the key factor driving LaFortune to collect child pornography and to engage in trading activities to seek more and newer images of child pornography.  In addition, admission of these convictions rebuts any contention that the child pornography is a victimless crime and that engaging in the trade of child pornography is not related to a sexual interest in children.  When considered together with a limiting instruction, the probative value of this evidence outweighs the risk of unfair prejudice.

If not admitted in its case in chief, the United States respectfully moves that this information be allowed on cross-examination should the defendant take the stand pursuant to FRE 609.

G.  Fact that LaFortune was a registered sex offender at the time of the crime

The United States respectfully moves this Court for admission of the fact that LaFortune was a registered sex offender in Massachusetts at the time he committed his crimes.

The fact of LaFortune's sex offender registration naturally arises as part of the investigation of the charges against him. The sex offender registry was checked by the investigating agents after they received the identity of Girard LaFortune from Comcast.

Admission of the fact of his sex offender registration would be equally probative of his sexual interest in children, and yet provides the jury with less specific information as to the nature of his crime, and therefore may be less prejudicial to the defendant than would admission of the specifics of any of his four prior offenses. Together with a limiting instruction, the probative value of the fact of sex offender registration outweighs the potential prejudice to the defendant.

          RESPECTFULLY SUBMITTED,

          MICHAEL J. SULLIVAN
          United States Attorney


          /s/ George W. Vien

George W. Vien
Assistant United States
Attorney


Sara Gottovi
Trial Attorney