UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-10366-PBS |
| ) | |
| GIRARD LAFORTUNE ) | |

<u>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE</u>

The defendant Girard Lafortune moves this court to prohibit the government from admitting images of child erotica and related contraband images in evidence at his upcoming trial.  Mr. Lafortune faces trial on charges of a) interstate transportation of images of minors engaged in sexually explicit conduct and b) posting a notice or advertisement seeking or offering to receive, exchange, buy, produce, display or distribute visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct.[1]  Counsel for Lafortune anticipate that the government will seek to introduce a large number of images of children engaged in sexually explicit conduct or other sexually suggestive conduct which were seized by law enforcement agents during a search of his room on October 29, 2003.[2] Lafortune objects to the introduction of the vast majority of

---

[1] Counsel anticipate that the trial in this case will proceed on counts 1 and 4 of the indictment only.

[2] Lafortune is indicted for possession of child pornography on October 29, 2003 in this case.  He intends to plead guilty to this charge on October 27, 2005.

these images as they are not probative of his conduct on May 21, 2003 and yet are so very prejudicial that it will be impossible for Lafortune to obtain a fair trial if they are admitted.  The transportation count involves the electronic transmission of six photographic images, several of which arguably do not fit within the statutory definition of "a minor engaged in sexually explicit conduct."[3]  Only one piece of evidence discovered on October 29, a CD-ROM disc on which images alleged to be identical to the ones transmitted on May 21 were found, would be pertinent to proof of the counts relating to May 21, 2003, and not even all of the images on this CD-ROM should be admissible.  The rest of the materials, which would otherwise be germane to proof of the possession count on October 29, should be excluded.

The vast majority of the photographic evidence would only distract the jury from the relevant question of whether the government can conclusively prove that Lafortune was responsible for the transmissions in question and would certainly be misused by the jury as proof of Lafortune's propensity to commit sex crimes.

Moreover, the evidence is inadmissible under Fed. R. Evid. 403, which provides for the exclusion of relevant evidence if its admission would cause confusion or delay, or if its probative value is substantially outweighed by the danger of unfair

---

[3] This term is defined at 18 U.S.C. §2256(2)(A).

prejudice.  The government appears to view evidence of Lafortune's collection of images as admissible to show that he is interested in pornography and has a motive to collect it.  In response Lafortune submits that as regards the transportation count, the only relevant images on the CD-ROM would be the ones purportedly identical to those he is alleged to have sent.  Lafortune's motive for sending anything or engaging in this conduct generally is completely irrelevant and superfluous to the government's burden of proof.  Moreover, proof that Lafortune had other images at his disposal has no logical relevance to the question of whether he sent the images charged in the indictment.

Turning to count 4, the notice/advertisement count, Lafortune submits that the pertinent question is whether the email in question rises to the level of a criminal solicitation such that he can be prosecuted for having sent it.  Lafortune's ownership of contraband images of children is not helpful in determining whether the email amounts to a criminal solicitation; the communication rises and falls on its own.  Even if Lafortune's motive for sending the email had some relevance to the advertisement count, that minimal probative value is substantially outweighed by the unfair prejudice that would result from admitting this evidence. See United States v. Varoudakis, 233 F.3d 113 (1st Cir. 2000) (evidence that defendant had set earlier uncharged fire was inadmissible under FRE 403 in

trial of later fire), citing <u>United States v. Utter</u>, 97 F.3d 509, 514 (11th Cir. 1996).  Admission of these images would certainly evoke feelings of disgust and revulsion from the jury.  <u>See</u> <u>United States v. Grimes</u>, 244 F.3d 375 (5th Cir. 2001), reversing a conviction for possession of child pornography where evidence of two narratives found on the defendant's computer which described the rape and torture of children should not have been admitted in evidence; the court recognized that the narratives were highly relevant to three different issues in that particular case but still found that their prejudicial impact outweighed their probative value.  <u>Id</u>. at 385.  Evidence of Lafortune's possession of these images could well produce a conviction on the charged offenses based on the jury's conclusion that he had a propensity to commit crimes like those charged.

<u>CONCLUSION</u>

The evidence related to the contraband and erotic images found during the execution of the search warrant in this case, and which form the basis for Lafortune's anticipated guilty pleas, should be excluded at trial on the remaining counts of this indictment.

```
                              GIRARD LAFORTUNE

                              By his attorney,

                              /s/ Syrie D. Fried



                              Syrie D. Fried
                                 B.B.O. # 555815
                              Federal Defender Office
                              408 Atlantic Avenue, 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```