UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
     v.                         )    CRIMINAL NO. 03-10366-PBS
                                )
GIRARD LAFORTUNE                )


DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO ALLOW TESTIMONY OF KENNETH LANNING

The government, notwithstanding the Court's October 12, 2005 summary rejection, again seeks to admit the testimony of former FBI profiler Kenneth Lanning describing the predilections of pedophiles in order to "help the jury understand the very strange world of child pornography." Government's Proffer and Motion to Allow Testimony of Kenneth Lanning (Gov't Motion) at 1. As the proffered testimony consists primarily of character evidence, is largely irrelevant, and in any case is raises troubling issues of prejudice and juror confusion, the Court should again reject the proffered testimony.

1. Profiling Testimony

> dispel[s] from the jurors' minds the widely held stereotype of a child molester as "a dirty old man in a wrinkled raincoat" who snatches children off the street as they wait for the school bus. Many real-life child molesters use modern technology and sophisticated psychological techniques to "seduce" their victims.

Lanning's stock in trade is testimony that

United States v. Romero, 189 F.3d 576, 584 (7th Cir. 1999). Consequently, appellate courts have condoned his testimony in

transportation of minors or sexual assault cases where defendants explicitly or implicitly suggested an innocent acquaintance defense.  Id. (in interstate transportation case where defendant asserted child consented to travel and had no intent to sexually abuse, Lanning permitted to testify concerning characteristics of preferential sex offenders); United States v. Hayward, 359 F.3d 631, 635-36 (3rd Cir. 2004)(where defendant ran cheerleading school and engaged in sex with minors on field trip, Lanning permitted to testify as to "acquaintance molesters" (citing Romero)); United States v. Long, 328 F.3d 655, 667 (D.C. Cir. 2003)(where defendant was Baptist minister, Lanning permitted to testify "because average layperson lacks knowledge regarding the manner in which preferential sex offenders operate" in choosing sexual assault victims (citing Romero)); United States v. Davenport, 2005 U.S. App. LEXIS 21900 (7th Cir. 2005)(unpublished Order)(where defendant raised defense of innocent intent in going to rescue minor child, but thereafter committed sex acts with child, Lanning permitted to testify how pedophiles use internet to lure minors).

As his aesthetically pleasing Powerpoint presentation indicates, Lanning's proffered testimony in this child pornography case would be nearly identical to his standard Preferential/Situational Offender testimony that he gives in sexual assault cases.  Compare Powerpoint Slide ##3-7 ("Sex

Offender Continuum," et. seq.) with Romero, supra, at 583 (setting forth Lanning situational/preferential continuum) and Long, supra, at 666-67 (Lanning testimony focused on characteristic patterns of "preferential sex offenders").  What the government appears to ignore, however, is that the instant indictment contains no allegation even remotely similar to interstate transportation or sexual assault where the government is obligated to address the relationship between a very real victim and the defendant at bar.  Unlike acquaintance sexual assault, there is no "widely held myth" about the characteristics of child-pornography-possessing individuals that requires the testimony of an expert to debunk.  Romero, supra, at 583. Similarly, here the government has no need to have Lanning explain away aspects of an interpersonal relationship that some jurors might see as inconsistent with its ordinary view of sexual assault cases, see Long, supra, at 667 (Lanning testimony needed to rebut defense of innocent contact with minors); there is simply no interpersonal relationship at all in what is otherwise a straightforward case of what the defendant did or didn't do with the images he had.

The only case cited in support by the government that does not involve direct or attempted sexual abuse on a victim is United States v. Cross, 928 F.2d 1030 (11th Cir. 1991).  Cross, however, does not support the government's position that it

should be allowed <u>carte</u> <u>blanche</u> to introduce character evidence. Cross talked juveniles and their parents into having the juveniles pose nude in the guise of a phony movie audition; there was evidence that he intended to publish and sell them. <u>Id.</u> at 1050-51. At trial, Cross claimed that despite the alleged fraud on the parents concerning the movie audition, he intended only to produce "nude studies" of the children. <u>Id.</u> In this context, Lanning was permitted to testify that there was a child pornography market for such pictures, and that "nude studies" was a code phrase for child pornography, in order to rebut Cross's defense. <u>Id.</u> In allowing the circumscribed testimony, however, the Eleventh Circuit recognized the inherent danger of predictive profiles in such cases. <u>Id.</u> at 1050 n.6.

Here, by contrast, defendant has conceded that he possessed child pornography; consequently, the need for the government to rebut a suggestion that the photos could be considered innocent has vanished. Nevertheless, the government by its own admission seeks to have Lanning expound on "the motivation and practices of this criminal sub-culture so that the defendant's actions in this case can be understood." Gov't Motion at 3. Introduction of this evidence of characteristics and sub-culture can only confuse the jury as to the actual issue in play: whether defendant transmitted and advertised for images on a specific occasion.

In defendant's view, the government's attempt to introduce

Lanning's testimony is a transparent effort to introduce the rankest kind of character testimony expressly forbidden by Federal Rule of Evidence 404(a).  In essence, it will ask Lanning to profile a sex offender in detail, hope the jury concludes from this testimony that the defendant is a sex offender, ask Lanning to opine as to how sex offenders use the internet, and then argue that the defendant acted in conformity with Lanning's opinion and is therefore guilty.  Stripped of its underpinnings, the proffered testimony adds nothing to the trial but enormous prejudice.  It must be excluded.

2.   Testimony Explaining "Fills"

The discrete issue of testimony concerning possible meanings of the word "fills" as used in a message posted to the Yahoo! group implicates a different analysis.  See Gov't Motion at 7-10. Defendant submits that the use of the single word "fills" is not the kind of "obscure" and complex jargon present in cases like Untied States v. Hoffman, 832 F.2d 1299, 1308, 1310 (1st Cir. 1987)(coded language in numerous conversations was akin to "speaking in tongues" and thus opinion testimony as to meaning permitted).  Given the context in which this single word was used, there exists a substantial question about whether any explanation, expert or otherwise, is needed at all.  See Fed. R. Evid. 702 (expert testimony, to be admissible, must assist the trier of fact in understanding evidence).  In any event, the

government apparently intends to elicit the opinion in an impermissible way: "Lanning . . . will simply state that the language the defendant used ["fills"] is 'consistent with' an effort to offer and solicit child pornography." Government's Motion at 10. Such an opinion, if it does not actually cross the line, comes perilously close to prohibited "direct expert testimony" concerning a defendant's intent where that intent is an element of the crime. See United States v. Valle, 72 F.3d 210, 216 (1st Cir. 1995). Consequently, if the Court considers testimony concerning the specific issue of the meaning of "fills" potentially admissible, the defendant requests a voir dire of Lanning (or any other witness) to establish bases and reasons for his opinion as well as the limits of the testimony.

>			GIRARD LAFORTUNE,
>			By His Attorneys:
>
>
>			/s/ Timothy Watkins
>			Timothy Watkins
>			Syrie Davis-Fried
>			Federal Defender Office
>			408 Atlantic Ave., Third Floor
>			Boston, MA  02110
>			(617) 223-8061