UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
        v.                    )    CRIMINAL NO. 03-10366-PBS
                              )
GIRARD LAFORTUNE              )
```

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
TO ADMIT EVIDENCE PURSUANT TO FED. R. EVID. 404(b)

Defendant, Girard LaFortune, hereby submits the following response to the government's proffered Fed. R. Evid. 404(b) evidence.

A.   Admission of the statement that "a large quantity of child pornography was found during the search of LaForturne's home and on his computer."

Defendant opposes admission of this statement. To be admissible, 404(b) evidence must have both "special relevance" and not include bad character or propensity as a necessary link in the inferential chain. United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). Further, even if specially relevant, the evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Id.

The government has not established the special relevance necessary for admission. Eschewing recognized bases for admission such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, the government urges admission of the statement because it "is

essential to understanding the context of the advertising charge in this case." Government's Motion at 4. The drafters of Fed. R. Evid. 404(b) had a logical reason to avoid the identifying "context" as a basis for exception to 404(a): "context" is such a broad term that it will, as in this case, subsume the 404(b)'s preference for exclusion of propensity evidence. Here, the government's effort is a tautology; it would argue that LaFortune was a collector on October 29, 2003 and so he must have been collecting on May 21, 2003. This is the quintessence of prohibited propensity evidence. Far from being evidence of motive, the proposed testimony instead appears to be precisely the type of evidence prohibited by Fed. R. Evid. 404(a) and (b): evidence aimed at portraying defendant's character in a negative light or to show a propensity for bad acts. See Varoudakis, 233 F.3d at 124.

In any event the proffered evidence should be excluded because its prejudicial, "undeniably explosive" effect substantially outweighs its probative value. See United States v. Gilbert, 229 F.3d 15, 26 (1st Cir. 2000); Fed. R. Evid. 403. Exclusion is particularly warranted here where the government can use other, non-prejudicial evidence to show identity. Varoudakis, 233 F.3d at 122 ("[d]oubts about the probative value of prior bad acts evidence are . . . compounded when prosecutors have other evidence available, rendering negligible their need to

show intent by prior bad acts")(citations and internal quotation marks omitted).  Defendant expects the government to elicit from case agent Kari Morales Marsh substantial information describing the nature of the Yahoo! group she infiltrated; defendant expects little doubt as to the "context" in of the group vis-a-vis the defendant's alleged activities within it.  Admission of testimony concerning a "large quantity of child pornography" thus satisfies negligible, if any, need by the government.

Finally, the government sets up a straw man argument to support its argument for admission by complaining that "without admission of this information, defendant has the opportunity to paint an inaccurate picture of his conduct and present himself to the jury as someone who simply made a mistake or who was experimenting."  Government Motion at 4.  Should the government decide that the defense is painting an inaccurate picture, it has the ability to put on a rebuttal case; this preemptive-strike justification is nothing but a transparent effort to introduce propensity evidence that the Court should reject.  The statement should be excluded from Special Agent George's testimony.

B.   All Contents of "Rim Holly" CD

Defendant has set forth, by separate motion, arguments concerning the scope of admission of images.  <u>See</u> Defendant's Motion in Limine Re: 404(b) Evidence (Docket Entry #65).

C.  Chat transcripts found on the computer hard drive discussing collecting child pornography and sexual abuse of children

Defendant opposes admission of the chats. Any slight probative value of these chats is far, far outweighed by the unfair prejudice injected into the trial. See <u>United States v. Grimes</u>, 244 F.3d 375, 385 (5th Cir. 2001)(reversed: in possession of child pornography case, district court should not have introduced "vile" "gruesome" sex narratives found on defendant's computer despite probative value). The chats should not be admitted.

D.  Fact that LaFortune Ran his Own Photo Island Site

Defendant opposes admission of testimony concerning a "Photo Island" site. The testimony is irrelevant; there will be no independent testimony of the nature of the photos on the site and thus the proposed testimony would do nothing more than call on the jury to speculate in order for it to draw the inference the government desires. And even that inference is of limited probative value; to the extent that jurors do not know the ease with which pornographic pictures can be posted on the web, Government's Motion at 9, they will quickly learn the mechanics from the case agent and others very early in the trial. The proposed testimony is confusing, prejudicial, and a waste of time.

E.  Prior Federal Child Pornography Convictions

F.  Prior Massachusetts convictions for sexual assault of his children

G.  Fact that LaFortune was a registered sex offender at the time of the crime.

Defendant opposes admission of each of these items. The probative value of the prior convictions does not outweigh their prejudicial effect. See Fed. R. Evid. 404(b); 609(a)(1). The fact that he was a registered sex offender is completely irrelevant and prejudicial. See Fed. R. Evid. 401, 404(b); 609(a)(1).

Each of the items carry a grave risk of prejudice, given the danger that the jury would improperly treat it as propensity evidence. The prejudicial effect of prior convictions for sex and child pornography offenses is patent and the convictions must be excluded.

                GIRARD LAFORTUNE,
                By His Attorneys:

                /s/ Timothy Watkins
                Timothy Watkins
                Syrie Davis-Fried
                Federal Defender Office
                408 Atlantic Ave., Third Floor
                Boston, MA  02110
                (617) 223-8061