**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>     v.                         )<br>)<br>GIRARD LAFORTUNE,       )<br>      Defendant.     ) | CRIMINAL NO. 03-10366-PBS |

**MOTION OF THE UNITED STATES**
**FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §2253 and Rule 32.2 of the Federal Rules of Criminal Procedure. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On or about March 31, 2004, a federal grand jury sitting in the District of Massachusetts returned a Four-Count First Superseding Indictment charging Defendant Girard LaFortune ("Defendant"), with the following counts: <u>Count One</u>: Transportation and Attempted Transportation of Child Pornography in Interstate Commerce, in violation of 18 U.S.C. §2256(a)(1) & (b)(1); <u>Count Two</u>: Receipt of Child Pornography, in violation of 18 U.S.C. §2252(a)(2); <u>Count Three</u>: Possession of Child Pornography, in violation of 18 U.S.C. §2252(a)(4)(B), and, <u>Count Four</u>: Printing or Publishing a Notice or Advertisement for Child Pornography, in violation of 18 U.S.C. §2251(d).

2. The First Superseding Indictment also included a Criminal Forfeiture Allegation, pursuant to 18 U.S.C. §2253(a), which sought the forfeiture of (1) any and all matter which contains visual depictions produced, transported, shipped or received in violation of 18 U.S.C. §2252; (2) any property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the said violations; and (3) any and all property used or intended to be used in any manner or part to commit and to promote the commission of the violations alleged in the Indictment, including the computer system and related items that were seized by law enforcement officials from the Defendant's residence on October 29, 2003:

   (1) Hewlett Packard Laptop Computer, Model Number ze4210, Serial Number (S) CN30413017 (the "Computer");

   (2) Computer Data Storage Media;

(collectively the "Property").

3. On October 27, 2005, a Change of Plea Hearing was held at which the Defendant entered a guilty plea to Counts Two and Three of the First Superseding Indictment.

4. As the Defendant has pled guilty to Counts Two and Three of the First Superseding Indictment, then, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. §2253(e), the United States is entitled to a Preliminary Order of Forfeiture against the Property. *See* Rule 32.2(b)(2); 18 U.S.C. §2253(e).

Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide that as soon as is practicable after a plea of guilty is accepted on any count in an indictment for which criminal forfeiture is sought, the Court must determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture.  If the Court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it.

5.   At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.  Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

6.   Pursuant to Rule 32.2(b)(3) and 18 U.S.C. §2253, the entry of a preliminary order of forfeiture authorizes the Attorney General (or his designee) to seize the specific property subject to forfeiture; to conduct any discovery the Court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

7.   The forfeiture allegation pursuant to Rule 32.2 and 18

U.S.C. §2253(a) sought the forfeiture of the computer system and related items that were seized by law enforcement officials from the Defendant's residence on October 29, 2003. The property seized from the Defendant's residence on October 27, 2003 consisted of the Computer, used to view the visual depictions of child pornography, and the Computer Data Storage Media, which consists of floppy disks, zip disks, and CDs which contain visual depictions of child pornography.

    9. Under 18 U.S.C. §2253(a)(3), a person who is convicted of an offense involving matter which contains a visual depiction of a minor engaging in sexually explicit conduct and any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. §2252, shall forfeit to the United States such person's interest in the property used or intended to be used to commit or to promote the commission of such offense. *See* 18 U.S.C. §2253(a). As the Defendant has pled guilty to Count Three of the First Superseding Indictment, Possession of Child Pornography in violation of 18 U.S.C. §2252(a)(4), and has subsequently been convicted, the Computer is subject to forfeiture as property used or intended to be used to commit or to promote Possession of Child Pornography.

    10. Under 18 U.S.C. §2253(a)(1), a person who is convicted of an offense involving matter which contains a visual depiction of a minor engaging in sexually explicit conduct which was produced,

transported, mailed, shipped or received, in interstate or foreign commerce, by any means including by computer, in violation of 18 U.S.C. §2252, shall forfeit to the United States such person's interest in such matter. *See* 18 U.S.C. §2253(a). As the Defendant has pled guilty to Count Two of the First Superseding Indictment, Receipt of Child Pornography in violation of 18 U.S.C. §2252(a)(2), and has subsequently been convicted, the Computer Data Storage Media is subject to forfeiture as matter which contains visual depictions of child pornography which were produced, transported, mailed, shipped or received in interstate commerce, by any means including by computer.

    11.  Based on the evidence set forth, the United States has established the requisite nexus between the Property and the offenses to which the Defendant has pled guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. §2253.

    12.  Upon issuance of a Preliminary Order of Forfeiture and pursuant to Rule 32.2 and 18 U.S.C. §2253, the United States Marshals Service ("the Marshal") will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the Computer[1] in such a manner as the Attorney General may direct

---

[1] The United States does not intend to publish notification of its intent to forfeit the Computer Data Storage Media which contains child pornography.

and notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on the United States Attorney) with in thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Computer, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title of interest in the forfeited Computer and any additional facts supporting the petitioner's claim and relief sought.

13. Pursuant Rule 32.2 and 18 U.S.C. §2253(m)(1), the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Computer that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

14. Pursuant to Rule 32.2 and 18 U.S.C. §2253(m)(7), following the Court's disposition of all petitions filed, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Computer and this Court will enter a Final Order of Forfeiture.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Property in the form submitted herewith.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                            By:  /s/Jennifer H. Zacks
                                 GEORGE W. VIEN
                                 JENNIFER H. ZACKS
                                 Assistant U.S. Attorneys
                                 1 Courthouse Way, Suite 9200
                                 Boston, Massachusetts 02210
                                 (617) 748-3100

Date: October 27, 2005

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the foregoing Motion for Issuance of a Preliminary Order of Forfeiture, as well as a proposed Preliminary Order of Forfeiture, were served upon Syrie D. Fried, Esquire, and Timothy G. Watkins, Esquire, Federal Defender's Office, 408 Atlantic Avenue, Third Floor, Boston, Massachusetts 02110, as Counsel for the Defendant, Girard LaFortune, by first class mail, postage prepaid.

                                        /s/Jennifer H. Zacks
                                        Jennifer H. Zacks
                                        Assistant U.S. Attorney

Date: October 27, 2005