UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10366-PBS |
| | ) | |
| GIRARD LAFORTUNE | ) | |

PROTECTIVE ORDER RE: CAMTASIA VIDEO AND SCREEN SHOTS

**IT IS HEREBY ORDERED**:

1. The government shall provide defense counsel with (1) paper copies of the Screen Shots of Undercover Work By FBI SA Kari Morales Marsh, identified as Government's Trial Exhibit 1, and 2) a copy of the full Camtasia video from which the Screen Shots were taken, regardless of whether they allegedly constitute child pornography. Defense counsel shall maintain the copies of this evidence as follows:

    a. Copies of the evidence shall be maintained by defense counsel in accordance with this Order, and shall be used solely and exclusively in connection with this case (including trial preparation, trial and appeal).

    b. Copies of the evidence shall be maintained by defense counsel in a locked drawer or cabinet at all times, except while being actively utilized as provided for in this Order.

    c. A copy of this Order shall be kept with the copies of the retained computer evidence at all times.

    d. Copies of the evidence shall be accessed and viewed only by defense counsel and any expert retained by or consulted by defense counsel.

    e. Defendant himself shall not be permitted to access or view any graphic image file containing actual or alleged child pornography without petition and prior order of this Court.

    f. Any computer into which the Camtasia video may be inserted for access and operation shall not be connected to a network while a copy of the video

        is inserted into any computer.

    g.    The computer into which copies of the Camtasia video is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that defense counsel or staff employed by defense counsel shall be personally present at all times a printer is connected.

    h.    In no event shall any graphic image containing actual or alleged child pornography be copied, duplicated, or replicated, in whole or in part, including duplication onto any external media.

3.    Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the copies of the Camtasia video and paper copies of the Screen Shots to Special Agent David George or a representative of the Federal Bureau of Investigation. Upon the return of this evidence, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the copies of evidence.

4.    Defense counsel shall not be subject to prosecution for possession, receipt, or distribution of child pornography as a result of any actions that comply with this order.

**IT IS SO ORDERED** this 27th day of October, 2005.

                                        Hon. Patti B. Saris
                                        U.S. District Court Judge