UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10366-PBS |
| | ) | |
| GIRARD LAFORTUNE | ) | |

<u>PROTECTIVE ORDER RE: COMPUTER EVIDENCE</u>

**IT IS HEREBY ORDERED:**

1. The government shall provide defense counsel with a copy of the retained computer evidence currently in the custody of the FBI, necessarily including any and all actual or alleged child pornography and/or contraband contained thereon. Defense counsel shall maintain copies of the retained computer evidence as follows:

   a. Copies of the retained computer evidence shall be maintained by defense counsel in accordance with this Order, and shall be used solely and exclusively in connection with this case (including trial preparation, trial and appeal).

   b. Copies of the retained computer evidence shall be maintained by defense counsel in a locked drawer or cabinet at all times, except while being actively utilized as provided for in this Order.

   c. A copy of this Order shall be kept with the copies of the retained computer evidence at all times.

   d. Copies of the retained computer evidence shall be accessed and viewed only by defense counsel and any expert retained by or consulted by defense counsel.

   e. Defendant himself shall not be permitted to access or view any graphic image file containing actual or alleged child pornography, on copies of the retained evidence or in the Encase evidence files, without petition and prior order of this Court.

   f. Any computer into which copies of the retained evidence may be inserted for access and operation shall not be connected to a network while a copy

      of the retained evidence is inserted into any computer.

   g.    The computer into which copies of the retained evidence are inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that defense counsel or staff employed by defense counsel shall be personally present at all times a printer is connected.

   h.    In no event shall any graphic image containing actual or alleged child pornography be copied, duplicated, or replicated, in whole or in part, including duplication onto any external media.

2.    The government shall provide defense counsel with a copy of all of the Encase evidence files relating to this case, which includes evidence files for all media seized from defendant's home computer, necessarily including any and all actual or alleged child pornography and/or contraband contained thereon. Defense counsel shall maintain and secure the Encase evidence files in the following manner:

   a.    Copies of the Encase evidence files shall be maintained by defense counsel in accordance with this Order, and shall be used by defense counsel solely and exclusively in connection with this case.

   b.    Copies of the Encase evidence files shall be maintained by defense counsel in a locked drawer or filing cabinet in his office at all times, except while being actively utilized as provided for in this Order.

   c.    A copy of this Order shall be kept with the copies of the Encase evidence files at all times.

   d.    Copies of the Encase evidence files shall be accessed and viewed only by defense counsel and their staff who agree to be bound by the requirements of this protective order.

   e.    Defense counsel shall maintain custody over the Encase evidence files and shall maintain a list of all staff granted access to the Encase evidence files.

  f. Any computer into which copies of the Encase evidence files may be inserted for access and operation shall not be connected to a network while a copy of the Encase evidence files is inserted into any computer.

  g. The computer into which copies of the Encase evidence files are inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that defense counsel or staff who are subject to this Order shall be personally present at all times a printer is connected.

  h. In no event shall any graphic image containing actual or alleged child pornography be copied, duplicated, or replicated, in whole or in part, including duplication onto any external media.

3. Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return copies of the retained computer evidence and the Encase evidence files to Special Agent David George or a representative of the Federal Bureau of Investigation. Upon the return of the copies of retained evidence and the Encase evidence files, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the copies of evidence.

4. Defense counsel shall not be subject to prosecution for possession, receipt, or distribution of child pornography as a result of any actions that comply with this order.

**IT IS SO ORDERED** this 24th day of October, 2005.

                 _/s/ Patti B. Saris_
                 Hon. Patti B. Saris
                 U.S. District Court Judge