UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
       V.                   )    CRIMINAL NO. 03-10366-PBS
                            )
GIRARD LAFORTUNE            )

       GOVERNMENT'S OBJECTIONS TO DRAFT JURY INSTRUCTIONS

   The United States submits these objections to the proposed jury instructions:

1.   Page 5.  Instruction No. 5.  The name Dwinells should be replaced with the name Lafortune.

2.   Page 16.  Instruction No. 10.  The name Dwinells should be replaced with the name LaFortune.

2.   Page 21.  Instruction No. 14.  The words "reasons which are quite consistent with innocence" should be stricken unless the words "reasons quite consistent with guilt" are added to balance the instruction.

3.   Page 23.  Instruction No. 16.  The second period should be stricken.  There has been no evidence offered to support the instruction.

4.   Page 28.  Instruction No. 21.  The words foreign commerce may be stricken.

5.   Page 29.  Instruction No. 22.  The Fourth and Fifth elements misstate the law.  It is error to include as an element of the crime that the government is required to prove that the minors were not virtual depictions.  <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234 (2002), held that the language of 2252A allowing the government to prosecute images that "appeared to be" minors, was

over broad. In doing so, the Court reiterated its basic tenet from the Ferber case that child pornography falls outside First Amendment protections because it is the direct product of child sexual abuse and creates a market for the sexual abuse of children. The statute with which LaFortune is charged, 18 U.S.C. § 2252, was not the subject of the Ashcroft decision and has always required that the government show as an essential element that the victims depicted are minors – people under the age of 18. Ashcroft clarifies that a whole host of items which might "appear to be" child pornography would not qualify as child pornography, despite the fact that they might depict sexually explicit conduct, such as: wholly computer-created images, realistic drawings, lifelike oil paintings and images of adults over the age of eighteen posing as young children.

As it was before Ashcroft, under 18 U.S.C. § 2252, the government is required only to prove that the children were minors, not to disprove a generic laundry list of what the images could possibly be. In this case, when there is no testimony whatsoever indicating that the images are computer creations, or anything other than real children, it is erroneous to specifically mention "virtual" images.

Simply put, the government is required to prove that the children were minors. The evidence that has been presented at trial is sufficient to show that the children are real. In fact as part of the argument for excluding the defendant's prior convictions, chats found on his computer and his plea colloquy

was that the defense would refrain from arguing that the defendant did not know they were real minors. The defendant of course was convicted of receiving and advertising child pornography of involving real children and of raping real children. The Court specifically stated that it would reconsider the exclusion of the above-described evidence if such matters were put at issue.

With respect to the knowledge requirement, the government objects to the language in the instruction. The government is required to prove that the images were of minors as defined in the statute - a person under the age of 18.

The government respectfully requests that the Court adopt for the required elements the language from the government's proposed instruction:

**FIRST**, that the defendant knowingly transported a visual depiction in interstate commerce by any means, including by computer;

**SECOND**, that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

**THIRD**, that such visual depiction was of a minor engaged in sexually explicit conduct;

**FOURTH**, that the defendant knew that such visual depiction was of a minor engaged in sexually explicit conduct.

6. Page 33-34. Instruction No. 24.

The government objects to the fifth element for the same

3

reasons as stated above.

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                            By:  /s/ George W. Vien
                                   George W. Vien
                                   Assistant U.S. Attorney
                                   Sara L. Gottovi
Dated: November 1, 2005     Trial Attorney