UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10366-PBS |
| | ) | |
| GIRARD LAFORTUNE | ) | |

DEFENDANT'S RESPONSE TO PROPOSED JURY INSTRUCTIONS

Defendant, Girard Lafortune, requests pursuant to Fed. R. Crim. P. 30 that the Court include the following modifications to its charge to the jury.

**Instruction No. 19 - Evidence: Defendant's Prior Similar Acts**

Defendant requests that the following instruction be included in place of the instruction proposed by the Court:

> With respect to the evidence seized during the search of 80 Allen Rd. On October 29, 2003, I allowed that for the sole purpose of whether Mr. LaFortune had a motive to commit the acts charged in the two counts of the indictment. There is no charge before you concerning October 29, 2003. Therefore, you may not find Mr. LaFortune guilty of either of transporting or of posting a notice or advertisement based solely on the evidence seized in the search on October 29, 2003. It is for you, the jury, to decide whether this evidence is relevant to prove Mr. Lafortune's motive and it is for you to decide how much weight to give the evidence. I instruct you that even if you find that Mr. LaFortune may have committed illegal acts at other times, this is not to be considered as evidence of character to support an inference that Mr. LaFortune committed the offenses charged in this indictment.

Adapted from First Circuit Pattern Criminal Instructions § 2.06.

See Id., commentary note 3 ("Courts should encourage counsel to

specify and limit the purpose or purposes for which prior act
evidence is admitted. One or more of the above instructions
should be given only for the corresponding specific purpose for
which the evidence was admitted. Instructions for purposes other
than that for which the specific evidence was admitted should not
be given.).

**Instruction No. 23 - Attempt**

Defendant objects to an instruction concerning attempt as
the evidence does not support such an instruction.

**Instruction No. 24 - Count II**

Defendant submits that, as to the Fifth Element, the Court
must instruct that:

> the defendant knew that the minor in the image is "an
> actual child, not a virtual child, and that the person
> depicted is a child, not an adult."

Ashcroft v. Free Speech Coalition, 535 U.S. 234, 252-255
(2002)(pornography-banning statutes must be strictly construed to
protect First Amendment values).

Defendant further submits that, as to the Sixth Element, the
court add the following language:

> The government must prove that the defendant knew or
> had reason to know that the notice or advertisement
> would be transported across state lines, or would
> otherwise move in interstate commerce.

Ninth Circuit Pattern Jury Instruction § 8.152 (West 2003).

**Instruction to Follow Instruction No. 24 - Count II**

Defendant requests that the Court add the following

-2-

instruction concerning the notice or advertisement element:

> In order to establish a violation of this statute, the government must prove beyond a reasonable doubt that the defendant made or published an advertisement or notice that sought to exchange, receive or distribute a sexually explicit visual depiction.  No particular magic words or phrases need to be included, but there must be proof beyond a reasonable doubt that the notice or advertisement concerned visual depictions of the kind I will define for you.

Adapted from United States v. Pabon-Cruz, 391 F.3d 86, 92-93 (2nd Cir. 2004).

**Instruction to Follow Instruction No. 25 - Definition of Knowingly**

Defendant requests that the Court add the following instruction concerning the notice or advertisement element

> Before Mr. Lafortune can be convicted of posting a notice or advertisement . . . the government must prove beyond a reasonable doubt that he specifically intended that another person display, distribute, or exchange images of minors engaged in sexually explicit conduct, that he solicited, commanded, induced, or otherwise attempted to persuade another to display, exchange, or distribute such visual images as I have previously defined for you, and that he did so under circumstances strongly corroborative of that intent.

"Although the crime of solicitation might be defined quite simply as asking another person to commit an offense, this does not adequately reflect either the mental element or act which must exist for the crime to be completed."  LaFave & Scott, Criminal Law, §58; West Pub. 1978.  This instruction is adapted from 18 U.S.C. §373, the solicitation statute.  See United States v. Buckalew, 859 F.2d 1052 (1st Cir. 1988); Morissette v. United

States, 342 U.S. 246, 72 S.Ct. 240 (1952)(proof of criminal intent required, even where federal statute does not include intent element).

**Instruction No. 26 - Internet/Interstate Commerce**

Defendant objects to an instruction that directs the jury to conclude that use of the internet is tantamount to interstate commerce, in that the instruction has the practical effect of relieving the government of its burden of proof, i.e., whether the items moved in interstate commerce.

**Instruction No. 30 - Definition of Sexually Explicit Conduct**

Defendant requests that the Court remove the language "whether actual or simulated." There has been no evidence concerning simulated conduct.

**Instruction No. 33 - Single Count**

Defendant requests that the Court add, after the second full sentence, the following:

> It is therefore not sufficient to convict if some of you agree that the defendant acted with respect to one picture while others agreed to another; you must unanimously agree as to one picture per count.

**Instruction No. 34 - Financial Gain Not Required**

Defendant objects to the giving of this instruction.

GIRARD LAFORTUNE,
By His Attorneys:


/s/ Syrie Davis-Fried
/s/ Timothy Watkins
Timothy Watkins
Syrie Davis-Fried
Federal Defender Office
408 Atlantic Ave., Third Floor
Boston, MA  02110
(617) 223-8061