```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. 03-10366-PBS |
| v.    ) | |
| ) | |
| GIRARD LAFORTUNE,     ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

November 7, 2005

Saris, U.S.D.J.

Defendant Girard LaFortune moves to suppress the fruits of a search of his home on October 29, 2003 pursuant to an allegedly invalid search warrant. Following hearing and review of the briefs, the motion is **DENIED**.

### I.   BACKGROUND

The facts relevant to the pending motion are undisputed.

In May 2003, Special Agent Kari Morales Marsh of the FBI office in Tucson, Arizona was investigating child pornography on the Internet. On May 21, Agent Marsh joined a Yahoo! Group (an online forum for Internet users) named "baldy3." The group contained images that Agent Marsh believed to be child pornography, including three images that had been posted by an individual with the Yahoo! username "daveyjones20002000," in violation of 18 U.S.C. § 2252. A trail of administrative subpoenas identified this Yahoo! user as defendant.

Agent Marsh forwarded this information to FBI Special Agent

Todd I. Richards in Lowell, Massachusetts.  Agent Richards identified defendant's address as 80 Allen Road in Billerica, Massachusetts.  Agent Richards also learned that defendant was registered with the Massachusetts Sex Offender Registry Board and in connection with another FBI investigation in 2002, had stated that he had joined a few Yahoo! e-groups and had used the email address "daveyjones@hotmail.com."

Based on this information and the information received from Agent Marsh, Agent Richards completed an affidavit in support of an application for a warrant to search defendant's residence at 80 Allen Road.  Agent Richards's affidavit described the three images that "daveyjones20002000" had posted on the Internet.  A magistrate judge of this Court reviewed those images prior to issuing a warrant on October 27, 2003.  However, Agent Richards's affidavit did not expressly assert, and the magistrate judge did not expressly find, that the three images portrayed real children.

On October 29, 2003, FBI agents and local police executed the warrant at 80 Allen Road and seized a substantial amount of evidence.  Defendant agreed to be interviewed at the residence by FBI agents and, during that interview, made a number of incriminating statements.

On May 12, 2005, defendant moved to suppress both the items seized and the statements made during the search.

## II.   DISCUSSION

The Fourth Amendment requires probable cause for a search warrant to issue.  U.S. Const. amend. IV.  "Under the probable cause standard, the totality of the circumstances disclosed in the supporting affidavits must demonstrate a fair probability that contraband or evidence of a crime will be found in a particular place."  United States v. Greenburg, 410 F.3d 63, 67 (1st Cir. 2005) (quoting United States v. Barnard, 299 F.3d 90, 92-93 (1st Cir. 2002)).  In reviewing an application for a child pornography-related warrant, a judge should independently review the image or make an assessment based on a reasonably specific description to determine whether the image depicts the lascivious exhibition of a child's genitals.  United States v. Brunette, 256 F.3d 14, 19 (1st Cir. 2001).

Defendant challenges the validity of the warrant on two grounds.  First, defendant alleges violations of the First and Fourth Amendments, based largely on the Supreme Court holding in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), which held that the statutory prohibition on child pornography that only "appears to be[] of a minor" engaging in sexually explicit conduct violated the First Amendment.  Id. at 258.  After Free Speech Coalition, at trial the government must prove both that an image depicts a real person and that the person depicted is a minor to sustain a child pornography conviction.  United States

v. Syphers, --- F.3d ---, 2005 WL 2674970, at *3 (1st Cir. 2005) (citing United States v. Hilton, 386 F.3d 13, 18 (1st Cir. 2004)); see also Free Speech Coalition, 535 U.S. at 261 (O'Connor, J., concurring in part and dissenting in part) (noting that the Court's holding applies both to "images of adults that look like children" and to "images of children created wholly on a computer").

Urging a higher standard in cases that implicate the First Amendment, defendant asserts that failing to require a magistrate to find expressly that images depict "actual children" creates a significant potential for infringement on the First Amendment rights that the Supreme Court in Free Speech Coalition sought to protect. See 535 U.S. at 256 (noting that the child pornography statute "abridge[d] the freedom to engage in a substantial amount of lawful speech"). Neither Brunette nor Syphers contains such an extraordinary fact-finding requirement. Defendant cites no authority requiring a magistrate to make express findings in issuing a search warrant, either in the child pornography context or in other contexts, where the search might trigger First Amendment protections. Under established case law, the bottom-line probable cause determination is sufficient.

Next, defendant asserts that the information provided to the magistrate was insufficient to demonstrate that the images depicted real children. Essentially defendant seems to be pressing for a requirement of expert testimony that images depict

4

actual children as a prerequisite to issuing a search warrant. The probable cause standard requires only a fair probability, based on the totality of the circumstances, that evidence of child pornography would be discovered at defendant's residence. Here, the magistrate judge viewed the images, which were also produced for my review at the suppression hearing.  Among other things, the girls had no pubic hair in the genital area, no breasts, and otherwise looked pre-pubescent.  In the totality of the circumstances, the magistrate judge had probable cause to believe the persons in the images were real minor girls.

## ORDER

Defendant's motion to suppress (Docket No. 48) is **DENIED**.

**S/PATTI B. SARIS**
United States District Judge