UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 03-10366-PBS |
| ) | |
| GIRARD LAFORTUNE, ) | |
| Defendant. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SARIS, D.J.**

WHEREAS, on or about March 31, 2004, a federal grand jury sitting in the District of Massachusetts returned a Four-Count First Superseding Indictment charging Defendant Girard LaFortune ("Defendant"), with the following counts: <u>Count One</u>: Transportation and Attempted Transportation of Child Pornography in Interstate Commerce, in violation of 18 U.S.C. §2256(a)(1) & (b)(1); <u>Count Two</u>: Receipt of Child Pornography, in violation of 18 U.S.C. §2252(a)(2); <u>Count Three</u>: Possession of Child Pornography, in violation of 18 U.S.C. §2252(a)(4)(B), and, <u>Count Four</u>: Printing or Publishing a Notice or Advertisement for Child Pornography, in violation of 18 U.S.C. §2251(d);

WHEREAS, the First Superseding Indictment also included a Criminal Forfeiture Allegation, pursuant to 18 U.S.C. §2253(a), which sought the forfeiture of (1) any and all matter which contains visual depictions produced, transported, shipped or received in violation of 18 U.S.C. §2252; (2) any property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the said violations; and (3)

any and all property used or intended to be used in any manner or part to commit and to promote the commission of the violations alleged in the Indictment, including the computer system and related items that were seized by law enforcement officials from the Defendant's residence on October 29, 2003:

(1) Hewlett Packard Laptop Computer, Model Number ze4210, Serial Number (S) CN30413017 (the "Computer");

(2) Computer Data Storage Media;

(collectively the "Property");

WHEREAS, on October 27, 2005, a Change of Plea Hearing was held at which the Defendant entered a guilty plea to Counts Two and Three of the First Superseding Indictment;

WHEREAS, as the Defendant has pled guilty to Counts Two and Three of the First Superseding Indictment, pursuant to 18 U.S.C. §2253(e), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture against the Property. See Rule 32.2(b)(2); 18 U.S.C. §2253(e).

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED:

1. The United States' Motion for Entry of a Preliminary Order of Forfeiture is ALLOWED.

2. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Property and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of Rule 32.2 and 18 U.S.C. §2253.

3. The United States shall hold the seized Property in its

secure control and custody.

4.  Pursuant to Rule 32.2 and 18 U.S.C. §2253, the United States shall take any other appropriate steps pursuant to the statute's applicable provisions to seize, forfeit, and dispose of the Property, giving notice as required by law.

5.  Pursuant to Rule 32.2 and 18 U.S.C. §2253, the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Computer[1] in such a manner as the Attorney General may direct.

6.  Pursuant to Rule 32.2 and 18 U.S.C. §2253(m)(1), the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Computer that are the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

7.  Pursuant to Rule 32.2 and 18 U.S.C. §2253(m)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Computer listed above, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the

---

[1] The United States does not intend to publish notification of its intent to forfeit the Computer Data Storage Media which contains child pornography.

3

Case 1:03-cr-10366-PBS   Document 87   Filed 01/04/2006   Page 4 of 5

Case 1:03-cr-10366-PBS   Document 76-2   Filed 10/28/2005   Page 4 of 5

United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Computer; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Computer, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Computer, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to Rule 32.2 and 18 U.S.C. §2253(m)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 18 U.S.C. §2253 for the filing of such petitions, the United States of America shall have clear title to the Computer.

9. Pursuant to Rule 32.2 and 18 U.S.C. §2253 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, or any time before sentencing if the Defendant consents, and must be made a part of the sentence and included in the judgment.

10. This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

11. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) and 18 U.S.C. §2253 of the Federal Rule of Criminal Procedure.

By: /s/ Patti B. Saris
PATTI B. SARIS
United States District Judge

Date: 1/4/06