UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
GIRARD LAFORTUNE,             )
                              )
        Petitioner,           )
                              )
    v.                        )    CRIMINAL NO. 03-10366-PBS
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )
_____)
```

**MEMORANDUM AND ORDER**

May 26, 2011

Saris, U.S.D.J.

Petitioner files this Section 2255 petition, 28 U.S.C. §
2255, to Vacate, Set Aside or Correct his sentence.  After
considering the filings, the Court **DENIES** the petition in part
and asks for further briefing from the parties on petitioner's
claim that trial counsel should have moved to suppress statements
he made prior to his arrest before receiving his Miranda
warnings.

**II.  BACKGROUND**

Petitioner was charged with four separate counts related to
his transmission, posting, receipt, and promotion of child
pornography.  He pled guilty to two of the counts, and, in
November 2005, a jury convicted him of the remaining counts.  On
March 10, 2005 this Court sentenced the petitioner to 420 months

in prison.  Since he was a third time offender convicted of advertising child pornography (count four), 420 months was the statutory minimum mandatory sentence.  <u>See</u> 18 U.S.C. § 2251(d)-(e).  Petitioner appealed and his appeal was denied in <u>United States v. LaFortune</u>, 520 F.3d 50 (1st Cir. 2008).  The Supreme Court denied a petition for writ of certiori on October 6, 2008, <u>see</u> 129 S.Ct. 171, and petitioner's 2255 petition was timely filed on October 5, 2009.

Petitioner's arguments rely for the most part on a letter he received from his trial counsel Syrie D. Fried ("Ms. Fried").[1] (<u>See</u> Pet., Ex. 1.)  Approximately nine months after trial, on August 16, 2006, Ms. Fried wrote to petitioner stating that she did not feel that she could continue to represent him on appeal. The briefing for the appeal was due five days later on August 21, 2006.  Ms. Fried explained:

> My reason for feeling this way is that, after reflection, I am not sure that I provided effective representation during the course of your trial proceedings.  Specifically, I feel I may have been ineffective because I didn't file a motion to dismiss the promotion count of the indictment and because I didn't file a motion to suppress your statements to the FBI agents when they came to your house and executed your search warrant.

(<u>Id.</u>)

On the basis of this letter, petitioner asserted ineffective assistance of counsel for trial counsel's (1) failure to file a

---

[1]    Timothy Watkins ("Mr. Watkins") also represented petitioner.

motion to suppress his statements to FBI agents when they came to his house; and (2) failure to move to dismiss Count IV. He added, as a third basis for his ineffective assistance claim, trial counsel's failure to move for a change of venue.

## II.  STANDARD

A defendant may seek post-conviction relief under § 2255 from his sentence in four instances: if the sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962) (construing Section 2255)). The claimed error for which a party requests relief must be "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill, 368 U.S. at 428). "Section 2255 is not a surrogate for a direct appeal." David, 134 F.3d at 474.

The petitioner bears the burden of establishing both the need for § 2255 relief and the need for an evidentiary hearing. Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992). "An evidentiary hearing is not required where the section 2255 petition, any accompanying exhibits, and the record evidence 'plainly [reveal] . . . that the movant is not entitled to

relief.'" <u>Id.</u> (quoting Rule 4(b), Rules Governing Section 2255 Proceedings). Summary dismissal of a § 2255 claim is appropriate when the petition "(1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." <u>Id.</u> (quotation marks and citation omitted).

### III. DISCUSSION

To succeed on an ineffective assistance claim, the petitioner must establish that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>United States v. De La Cruz</u>, 514 F.3d 121, 140 (1st Cir. 2008) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694 (1984)). The review of counsel performed under the first prong is highly deferential; a petitioner must show that "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." <u>Knight v. Spencer</u>, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks omitted). Counsel's tactical decisions cannot generally form a basis for an ineffective assistance of counsel claim. <u>Murchu v. United States</u>, 926 F.2d 50, 58 (1st Cir. 1991) ("[T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of

4

ineffective assistance.") (quoting <u>United States v. Ortiz</u>
<u>Oliveras</u>, 717 F.2d 1, 3 (1st Cir. 1983)); <u>United States v.</u>
<u>Natanel</u>, 938 F.2d 302, 309-10 (1st Cir. 1991). "[T]he
Constitution pledges to an accused an effective defense, not
necessarily a perfect defense or a successful defense." <u>Scarpa</u>
<u>v. Dubois</u>, 38 F.3d 1, 8 (1st Cir. 1994). Indeed, "[a] fair
assessment of attorney performance requires that every effort be
made to eliminate the distorting effects of hindsight[.]"
<u>Strickland</u>, 466 U.S. at 689.

The second prong of the <u>Strickland</u> test requires a
petitioner to demonstrate actual prejudice from the alleged
mistakes of counsel. <u>Rice v. Hall</u>, 564 F.3d 523, 525 (1st Cir.
2009) (describing the second prong as a "prejudice requirement"
that has been "variously stated"). This is a "but for" test,
requiring that but for the attorney's conduct, the result would
have differed. <u>De La Cruz</u>, 514 F.3d at 140. Further, to prevail
on a Section 2255 ineffective-assistance claim, a petitioner must
establish both ineffective assistance of counsel and entitlement
to Section 2255 relief by a preponderance of the evidence. <u>Lema</u>
<u>v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993) ("The burden is
on the petitioner to demonstrate ineffective assistance by a
preponderance of the evidence.").

## A) Ineffective Assistance for Failing to Challenge Evidence Obtained During Search of the Petitioner's Home

Petitioner asserts an ineffective assistance of counsel claim for failing to challenge the admission of evidence obtained during a search of the petitioner's home.  He argues: "Without having been 'mirandized' and despite the fact that the petitioner requested the presence of counsel, the FBI nonetheless continued in their interrogation of the petitioner."  Ms. Fried's letter from August 16, 2006 states that she "may have been ineffective because [she] didn't. . . file a motion to suppress [petitioner's] statements to the FBI agents when they came to [his] house and executed the search warrant."

Ms. Fried did file a motion to suppress these statements on other grounds.  A Memorandum of Law submitted to this Court by the petitioner's attorneys Ms. Fried and Mr. Watkins on May 12, 2005 sought the suppression of the following evidence:

> (1) items observed or seized on October 29, 2003, including computer equipment and computer storage media, from 80 Allen Road, Billerica, as a result of a search warrant obtained by the Federal Bureau of Investigation (FBI), and (2) statements made by him contemporaneous with the search and his later arrest at 80 Allen Road.

(Gov't Opp., Ex. 1, p. 1.)  The memorandum noted that on October 29, 2003, the FBI searched the petitioner's home on the basis of a search warrant issued by Magistrate Judge Dein.  During the search agents "seized a computer and computer storage media

containing several thousand images. . . . [And] [a]s the material was discovered, defendant made a number of incriminating statements." (Id. at 3.)  The legal arguments for suppressing the statements were (1) that the Magistrate Judge lacked probable cause to issue a search warrant because there was no evidence or independent finding that the pornographic images serving as the basis for the warrant were of real children as opposed to computer generated images (Id. at 3-8); (2) that the government could not use the "Good Faith Exception" to argue that the search was legal despite the defective warrant, because the agents performing the search specialized in child pornography issues and were aware that the law did not prohibit the reproduction of sexually explicit, computer generated images of children (Id. at 8-9); and (3) that the petitioner's statements were the fruits of this illegal search, as the statements were made in response to questions asked the petitioner by FBI agents during the search. (Id. at 9-10.)

Although counsel effectively raised the Fourth Amendment issue, and sought to suppress the statements as the fruits of an illegal search, she did not seek suppression on the basis of the alleged failure to give the defendant Miranda warnings.  The record evidence on this issue is sparse.  It appears that investigators arrived at the petitioner's home in Billerica, MA between 7:30 and 8:00 am.  While most of the agents went inside

the petitioner's home to perform the search, FBI agents Todd Richard and David George interviewed the petitioner in the small common area adjoining his apartment. (Trial Tr. Day 2, 122-23.) The petitioner was not read his Miranda rights until nearly 10:00 am, about two hours after Agents George and Richards began the interview. (Id. at 125-26.) In the interim, the agents obtained potentially significant incriminating information from the petitioner including his acknowledgment that he viewed child pornography "quite frequently," (id. at 96:11-12,) his disclosure of the e-mail addresses he used to trade child pornography, (id. at 97:4-5,) his admission that specific images of child pornography traded online had been posted by him – an admission memorialized by the petitioner initialing the images, (id. at 98,) and his disclosure of where and how he stored child pornography within his house. (Id. at 105.)

At this point it is unclear whether trial counsel acted unreasonably in failing to seek suppression of these statements on Miranda grounds, or whether the suppression of these statements would have changed the outcome of the trial. The parties shall submit additional briefing on these issues within 30 days after new counsel is appointed to represent the petitioner. Depending on these submissions, the court will determine whether an evidentiary hearing or further discovery is required.

B) Ineffective Assistance for Failing to Challenge Count IV

Petitioner also argues that counsel was ineffective for failing to seek dismissal of Count IV, Printing or Publishing a Notice or Advertisement for Child Pornography in violation of 18 U.S.C. § 2251(d).  The defendant's argument is not specific as to the possible grounds for a dismissal, but if defense counsel had moved to dismiss the Count on constitutionality grounds, she would likely not have been successful  In <u>United States v. Polk</u>, 546 F.3d 74, 76-77 (1st Cir. 2008), the First Circuit decided that the mandatory minimum sentence of fifteen years imposed under § 2251(e) did not violate the Eighth Amendment's prohibition on cruel and unusual punishment and was not "grossly disproportionate" to the criminal activity it punished.  It reasoned that Congress found "such severe penalties necessary because child pornography is a 'multimillion dollar industry' run by a 'nationwide network of individuals.'" <u>Id.</u> at 77 (citations omitted).

C) Ineffective Assistance for Failing to Move for a Change of Venue

Finally, petitioner's argument that trial counsel was ineffective for failing to move for a change of venue is frivolous.  Fed. R. Crim. Proc. 21 requires courts to change venue upon a defendant's motion if "so great a prejudice against the defendant exists. . . that the defendant c[ould not] obtain a

fair and impartial trial." Fed. R. Crim. Proc. 21(a).  The rule
also gives courts discretion to transfer the case if doing so is
in the "in the interest of justice." Fed. R. Crim. Proc. 21(b).
Petitioner does not provide any evidence that the jury that heard
his case was biased by media accounts.  Rather, he argues that a
change of venue should have been sought here because "[t]he
arrest of the petitioner generated an enormous amount of
publicity through the telemedia, print media, radio as well as
on-line news agencies."  Petitioner has not presented any
evidence that press coverage was so extensive that counsel were
ineffective for failing to move for a change of venue, or that
such a motion would have been successful.  He has, thus, failed
to meet his burden of establishing a need for 2255 relief or an
evidentiary hearing.

**ORDER**

For the reasons stated, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED** except with respect to the claim that counsel was ineffective for failing to move to suppress statements on the ground that defendant did not receive his Miranda rights before being interviewed. Both parties shall supplement their submissions within 30 days after counsel is appointed to represent the petitioner.

PATTI B. SARIS
PATTI B. SARIS
United States District Judge
